BIGBY, executrix, *v.* DOUGLAS, administrator, *et al.*

1. At common law, where one surety paid off the principal's debt, or more. than his share, he could compel contribution from his cosureties. Civil Code, § 2922, is but a codification of this principle of the common law, and is not of statutory origin.

2. The surety entitled to contribution may sue his cosureties upon the written evidence of indebtedness (in which case the period of limitation would be. that applicable to instruments of its class), or upon the implied contract raised by law in favor of one surety against his cosureties for contribution. (in which instance the period of limitation would be that of an implied assumpsit).

3. Civil Code, § 3766, which provides that " All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues," is applicable to cases where the liability thus created is in favor of an individual, or a class to which he belongs, as distinguished from one arising under the general law in favor of the public at large.

Argued June 21, — Decided August 2, 1905.

Action for contribution. Before Judge Lumpkin. Fulton superior court. August 12, 1904.

On the 11th day of February, 1904, Mrs. Elizabeth Kate Bigby, as executrix of the last will and testament of John S. Bigby, brought suit against Hamilton Douglas, as administrator of the estate of J. T. Warnock, and S. Eberhart and A. J. Bethune, alleging, in substance, that her testator and J. T. Warnock, S. Eberhart, and A. J. Bethune were joint accommodation indorsers on a certain promissory note given by the Eagle & Phœnix Manufacturing Company to the National Bank of the Republic, of New York City, for the principal sum of $40,000, dated June 1, 1894, and payable on demand; that on the 13th day of May, 1896, the holder of the note demanded payment of the maker, and, upon refusal to pay, the note was protested in the manner and form prescribed by law, and due notice given to the indorsers; that on the 16th day of May, 1896, plaintiff's testator transferred certain shares of bank stock to the payee of the note, as additional security for the indebtedness, the stock being the individual property of plaintiff's testator and being transferred by him on account of his liability as indorser; that subsequently, in December, 1898, the National Bank of the Republic, the payee and owner of the note and pledgee of the bank stock, sold the stock under a power of sale conferred upon it, and applied the proceeds to the satisfaction and payment of the $40,000 note; and that, because of this payment, Warnock, Eberhart, and Bethune became liable to plaintiff's testator to contribute their pro rata share of the amount of the note by virtue of their legal obligation so to do as indorsers of the note. The plaintiff prayed judgment against each of the defendants for his pro rata share of the joint indebtedness which had been discharged by her testator in the manner above stated. To this declaration the defendants filed their several demurrers upon the ground, amongst others, that any cause of action which may have accrued by

reason of the facts alleged was barred by the statute of limita-
tions. The court sustained this ground of demurrer and dis-
missed the plaintiff's action, and the bill of exceptions sets forth
an assignment of error upon this judgment.

*Anderson & Anderson* and *A. H. Cox*, for plaintiff. *Slaton &
Phillips, Hatcher & Carson*, and *J. H. Martin*, for defendants.

EVANS, J. (After stating the facts.) It is well-settled law in
this State that an accommodation indorser is to be considered as
a mere surety. Civil Code, § 2969. The plaintiff's petition pre-
sents a case of the payment by one accommodation indorser of
the principal debt to the creditor, and a claim for contribution
from the other indorsers. It is insisted by the plaintiff in error
that the cause of action set forth in the petition is predicated
neither upon the subrogation of her testator to the rights of the
payee of the note, nor upon any implied contract on the part of
the defendants to make contribution, but upon their statutory lia-
bility so to do, arising under the Civil Code, § 2992, which declares
that: "Where several are sureties for the same principal, for the
same sum of money, either by one or by distinct instruments, and
one pays more than an equal share of the sum, he may compel
contribution from his cosureties. If one of the cosureties be in-
solvent, the deficiency in his share must be borne equally by the
solvent sureties." The payment of the joint indebtedness by one
of several sureties entitles him to sue his cosureties upon the writ-
ten evidence of indebtedness (in which case the period of limita-
tion would be that applicable to instruments of its class), or to
sue upon the implied contract raised by law in favor of one
surety against his cosureties for contribution (in which instance
the period of limitation would be that of an implied assumpsit).
*Hull* v. *Myers*, 90 *Ga.* 674. Admittedly the plaintiff is barred
by lapse of time from pursuing either of these remedies. But it
is contended that the right of a surety to compel contribution
from his cosureties is a statutory right, and therefore, under the
Civil Code, § 3766, the cause of action is not barred. That sec-
tion provides that "All suits for the enforcement of rights accru-
ing to individuals under statutes, acts of incorporation, or by
operation of law, shall be brought within twenty years after the
right of action accrues." The evident purpose of this section is
to fix a period of limitation for special cases not provided for by

the general statute of limitations, or otherwise, where rights accruing to "individuals" are sought to be enforced. A statutory liability is one that depends for its existence upon the enactment of a statute, and not upon the contract of the parties. *Pare* v. *Mahone*, 32 *Ga.* 253. The right of one surety to compel contribution from a cosurety, recognized and declared in the Civil Code, § 2992, is not of statutory origin. The section of the code just cited is a mere codification of the common law. As was pointed out in *Lumpkin* v. *Mills*, 4 *Ga.* 343, under the common law, as understood and applied prior to the time of the Revolution, where a surety paid off a debt, he was subrogated to all the rights of the creditor upon the evidence of indebtedness, and was entitled to an assignment of the security to enable him to obtain satisfaction for what he had paid beyond his own just proportion. See also *Irby* v. *Livingston*, 81 *Ga.* 283.

But conceding that a new right was created in favor of the surety by the adoption of the code section last mentioned, still the enforcement of that right must be within the period of limitations applicable to causes of action which arise by implication of law from the contractual relations existing between parties to an obligation which they have voluntarily assumed. The provisions of section 3766 were not intended to apply to a case such as that now under consideration. To construe it as referring to every right conferred by statute or accruing "by operation of law," and to stick to its letter as thus interpreted, would be to nullify other sections of the code fixing the period within which an aggrieved party shall bring an action in assumpsit or one for damages arising out of the violation of or failure to perform a legal duty imposed upon another under the common law or by statute. In *Harris* v. *Smith*, 68 *Ga.* 461, the provisions of this section were held not to apply to an action in assumpsit brought by a defendant in fi. fa. against a sheriff for the balance of funds in his hands after paying off the fi. fa. under which he had sold property belonging to the defendant in execution; and Mr. Justice Crawford said (page 463): That the act of which this section is a codification "does not apply to the case before us, we think very clear; if, indeed, it were made so to apply, we are at a loss to see where it would stop; for every right to recover arises in some way by operation of law; and if we stick to the letter of this act, there would be

but few cases barred by the statute of four years." As he also pointed out, "the legislature was dealing with rights accruing to individuals under statutes and acts of incorporation, the latter of which, especially about the date of the passage of the act, had given rise to great litigation in the State. In some of the cases growing out of both statutory and charter liabilities of parties, it was held that obligations arose which were '*quasi ex contractu*, and imposed by operation of mere law.' *Banks* vs. *Darden*, 18 *Ga.* 341." So the conclusion announced by the court was that: "Looking at the act and the judicial decisions of the times, it would seem that these words ["by operation of law"] were intended to apply to such rights as arise in connection with, though not strictly under, the very words of the statutes or acts of incorporation." In other words, the General Assembly had in contemplation rights conferred by law upon particular individuals, and not upon the general public, because they sustained a peculiar relation to the incorporators of certain chartered institutions or were by special enactment given privileges in return for services to be performed by them for the benefit of the public, or were for some other reason entitled to enforce rights which they did not share in common with their fellow-citizens. The rights referred to were such as could be asserted by certain persons, not in their capacity as members of the public who came within the protection of a general law, but as particular "individuals" who were by special enactment expressly designated by name, or who belonged to a designated class to the members of which, but to none others, such rights might accrue "under statutes, acts of incorporation, or by operation of law." With these strictly personal rights the public at large has no concern. To rights which are conferred by law upon members of the public at large, as such, section 3766 has no application. That this is true was recognized in the case of *Savannah Canal Co.* v. *Shuman* 98 *Ga.* 171, wherein Chief Justice Simmons said (page 173): "In order to bring the case within this section, the liability would have to be one expressly created in favor of an individual or a class to which he belongs, as distinguished from one arising under the general law in favor of all persons who might be injured by a breach of the corporate duty" imposed upon the canal company. In that case the plaintiff made complaint that the defendant did not keep its canal in such condi-

tion as to enable him to transport his lumber and wood over it in boats; and he sued for damages sustained by reason of its breach of public duty. The trial court held that the provisions of the code section last cited applied to the cause of action, and it was not barred because suit was not brought within four years from the time the right of action accrued; but this court took the opposite view, holding that the twenty-year period of limitation did not apply. In the present case the court below held that the right of a surety to contribution was not one of statutory origin; that the provisions of the Civil Code, §2992, were a mere codification of the common law; that the remedy of the plaintiff's intestate, on paying off the joint indebtedness, was either on the note or on the implied assumpsit: and that therefore the cause of action was barred. We concur in this interpretation of the law; and the judgment sustaining the demurrer is

*Affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*