Ervin P. ROSS, Jr.

v.

**GENERAL MOTORS CORPORATION.**

**Civ. A. No. 17847.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 13, 1973.

David Crosland, Atlanta, Ga., for plaintiff.

King & Spalding, Atlanta, Ga., Ross L. Malone, General Motors Corp., Detroit, Mich., for defendant.

ORDER

RICHARD C. FREEMAN, District Judge.

This is an action brought pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. (hereinafter Title VII) and 42 U.S.C. § 1981 to recover for alleged racial discrimination in employment. Plaintiff alleges he was discharged on account of his race. Defendant contends that plaintiff's discharge resulted from his brandishing an

open knife and threatening a member of management. The action is presently before the court on defendant's motion for summary judgment, which is founded on the procedural posture of the case rather than on the basic factual dispute. Defendant contends that this action is barred by applicable statutes of limitation "because plaintiff did not file his charge with the [EEOC] within 180 days of the alleged discriminatory act; . . . and did not file suit within two years of the alleged discriminatory act." Before turning to the merits of this claim, a brief review of the procedural history of this action is warranted.

Plaintiff was employed by defendant from 1964 until discharged on May 13, 1970. As noted above, the facts surrounding this discharge are in dispute; however the factual issues relevant to this motion are not. On May 18, 1970 plaintiff filed a union grievance, alleging that he was "unjustly" discharged and that management had violated paragraph 76 of the collective bargaining agreement. Plaintiff's grievance was rejected in the initial stages of the grievance procedure and the grievance was withdrawn on May 9, 1972. It is not disputed that plaintiff did not allege that his discharge was racially motivated at any point during the grievance procedure. Plaintiff made this allegation for the first time in a charge filed with the EEOC on February 2, 1972, almost eight months after his discharge. This charge was subsequently dismissed on November 13, 1972, plaintiff was notified of his "right to sue", and this action was filed on February 12, 1973.

Although the requirement for filing an EEOC complaint within 180 days of the alleged discriminatory act is a jurisdictional prerequisite to bringing a subsequent judicial action under Title VII, see 42 U.S.C. § 2000e–5(d), it is well settled in this jurisdiction that "the statute of limitations applicable to the filing of charges with the EEOC . . . [is] tolled once [a plaintiff] invoke[s] his contractual grievance remedies in an effort to obtain a private settlement of his complaint. Culpepper v. Reynolds Metals Company, 5 Cir., 1970, 421 F.2d 888, 891." Hutchings v. United States Industries, Inc., 428 F.2d 303, 308–09 (5th Cir. 1970). Defendant contends that the *Culpepper-Hutchings* rule has been limited by the recent Supreme Court opinion in Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), to cases in which the grievance machinery actually involved consideration of claims of discriminatory practices. This court agrees that plaintiff's failure to assert his claims of racial discrimination by invoking some conciliatory process within the applicable 180 days period bars this suit, at least with respect to the Title VII aspects of plaintiff's claim.

In addition to the statute of limitation question, the *Hutchings* Court also considered the question of whether the plaintiff's invocation of the grievance-arbitration process barred his subsequent assertion of Title VII claims under theories of collateral estoppel, res judicata, or election of remedies. The Court answered these questions in the negative, relying on the *Culpepper* decision with regard to the statute of limitations issue, and on the general policy and Congressional intent behind Title VII with regard to the other issues. In reaching this latter conclusion, the *Hutchings* Court specifically noted that the same occurrences alleged to be violative of Title VII also "provided the basis for the grievances Hutchings prosecuted through the grievance-arbitration machinery . . . ." *Id.* 428 F.2d at 311. As a result, the Court concluded that "the matters in dispute were subject to the concurrent jurisdiction of the federal courts under the scheme of Title VII and of the grievance-arbitration machinery established by the bargaining contract." *Id.* Nevertheless, the Court held that plaintiff Hutchings was not bound by an adverse determination of his grievance, since "[a]n arbitration award, whether adverse or favorable to

the employee, is not per se conclusive of the determination of Title VII rights by the federal courts . . . ." *Id.*

The election of remedies portion of the *Hutchings* case was approved and upheld by the Supreme Court in Alexander v. Gardner-Denver Co., *supra,* and the *Hutchings-Culpepper* rule regarding the tolling of the statute of limitations has recently been reaffirmed by the Court of Appeals for the Fifth Circuit. *See* Guerra v. Manchester Terminal Corp., 498 F.2d 641 (5th Cir. 1974). Thus, the court does not agree with defendant that the *Gardner-Denver* case explicitly or implicitly limits the rulings in *Hutchings* and *Culpepper.* Such a limitation, if any, must be founded on the principles of law applicable to statutes of limitations in general.

In the first instance, neither *Culpepper, Hutchings* nor *Gardner-Denver* involved the situation presented in the instant case, in which a former employee raises racial discrimination claims for the first time in an untimely EEOC complaint, which has not been preceded by any efforts to privately resolve those claims through the contractual grievance procedure. In *Gardner-Denver,* the plaintiff invoked the grievance procedure and filed an EEOC complaint within two months of his discharge, well within the applicable period of limitations. Thus the statute of limitations problem was not even presented in that case. In *Hutchings* and *Culpepper,* the problem was presented; however it was resolved consistently with the general principles applicable to such problems. These principles may be stated as follows:

"Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the ad-

versary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' "

Guerra v. Manchester Terminal Corp., *supra* 498 F.2d at 651, quoting Burnett v. New York Central R. R., 380 U.S. 424, 428, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). In *Guerra,* the Court concluded that "[w]hen . . . the plaintiff has actively and vigorously pursued *the same basic complaint* in a different forum, a defendant cannot complain of slumbering, stale claims, faded memories, disappearing witnesses, or lost evidence." *Id.* 498 F.2d at 652 (emphasis added). The Court noted that the defendant may be burdened by defending *the same conduct* in several different forums, but held that it was not within the power of the Court to lessen that burden by limiting the viability of the "various independent remedies" provided by Congress. *Id.*

In the instant action, defendant General Motors Corp., unlike the defendants in *Guerra, Hutchings,* or *Culpepper,* was not put on notice of plaintiff's claim of racial discrimination until eight months after the alleged discriminatory conduct. Similarly, this is not a case in which plaintiff could be deemed to have pursued the same complaint in an alternative forum; for plaintiff concedes that he did not raise claims of racial discrimination during the grievance process. As a result, this is not a case when either the facts or the policy behind the elimination of engrained employment discrimination compels a finding that the 180 day requirement for initiation of an EEOC complaint should be tolled. Although it is doubtful that the expiration of 180 days renders an otherwise viable claim stale, faded, or slumbering, this is a matter of Congressional intent which may not be disturbed by the courts. Accordingly, insofar as plaintiff seeks relief pursuant to the remedies provided by Title VII, his claims are time-barred.

Unfortunately for defendant, the same case that supports the above finding with respect to the Title VII portion of this action, results in a finding that plaintiff may proceed with the aspect of this suit founded on 42 U.S.C. § 1981. Although plaintiff has not briefed the point, to the same extent that filing a union grievance alleging discriminatory conduct tolls the Title VII statute of limitations, filing an EEOC complaint tolls the statute of limitations applicable to § 1981. Franks v. Bowman Transportation Co., 495 F.2d 398 (5th Cir. 1974) cert. denied, 419 U. S. 1050, 95 S.Ct. 625, 42 L.Ed.2d 644 (1974); Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (5th Cir. 1971). In Guerra v. Manchester Terminal Corp., *supra,* this rule was extended to cover untimely EEOC complaints. As a result, the tolling rule applicable in this jurisdiction may now be stated as follows: "Where the EEOC has, without objection to the timeliness of a charge, proceeded with it in the usual manner, *the attempt to utilize* the EEOC will toll the running of limitations applicable to 42 U.S.C. § 1981." *Id.* 498 F.2d at 649 (emphasis added). Of course the tolling rule, even with respect to timely EEOC complaints is not uniform, and this is an issue which must be resolved by the Supreme Court. *See* Johnson v. Railway Express Agency, Inc., 489 F.2d 525 (6th Cir. 1973) (no tolling), cert. granted 417 U.S. 929, 94 S.Ct. 2639, 41 L.Ed.2d 232 (1974). In light of *Guerra,* defendant's contention that this action is barred because plaintiff did not file suit within two years of his discharge is without merit. Plaintiff's EEOC charge, although untimely, tolled the applicable period of limitations. Furthermore, defendant's contention that the applicable period of limitations is the two year statute provided by Ga.Code § 3–1004, is erroneous; for in Franks v. Bowman Transportation Co., *supra,* the applicable period of limitations was deemed to be the period set out in Ga.Code § 3–704. *Id.* at 405–06. Section 3–704 actually provides a bifurcated period of limitations: "All suits for the enforcement of rights accruing to individuals under statutes . . . shall be brought within 20 years after the right of action shall have accrued . . . [but] all suits . . . for the recovery of . . . wages and overtime . . . shall be brought within two years after the right of action shall have accrued." Thus, even if the Supreme Court were to affirm the ruling in Johnson v. Railway Express Agency, Inc., *supra,* thereby overruling the tolling rule in this jurisdiction, such a result would only affect the back pay aspects of this suit. To the extent that the instant complaint seeks equitable relief the 20 year period of limitations set forth by § 3–704 is clearly no bar to the action. Franks v. Bowman Transportation Co., *supra* 495 F.2d at 406. Although the doctrine of laches may be asserted as a bar to § 1981 relief, defendant does not rely on laches to support his motion. *See id.*

In light of the foregoing, this court finds that plaintiff's failure to assert his racial discrimination claims either by means of a union grievance or by a timely filed EEOC complaint bars his remedy under Title VII. Nevertheless, to the extent that these claims may be asserted through 42 U.S.C. § 1981, they are not barred; therefore defendant's motion for summary judgment is denied.

It is so ordered.