## 51465. HOUSTON v. DOE.

ARGUED OCTOBER 30, 1975 — DECIDED NOVEMBER 17, 1975.

*L. C. Crietzberg,* for appellant.

*Neely, Freeman & Hawkins, Alan F. Herman,* for appellee.

DEEN, Presiding Judge.

1. The first issue for resolution is the applicable statute of limitation to a suit under the Uninsured Motorist Act against a "John Doe" defendant for personal injuries. Plaintiffs urge that their suit is for "the enforcement of rights accruing to individuals under statutes . . .," the Uninsured Motorist Act, and that the appropriate statute of limitation is 20 years. Code Ann. § 3-704. This argument is not persuasive. The Uninsured Motorist Act does not create a new *right* in plaintiffs to sue an uninsured owner or driver of another vehicle; it merely provides a new *procedure* whereby such plaintiffs may recover their losses from their own insurer whether the

real defendant's identity be known or not. Thus a plaintiff with uninsured motorist coverage, though suing the actual party causing him damage or "John Doe" if that party be unknown, will collect from his own insurer, who will in turn be subrogated to the rights of its insured. Code Ann. § 56-407.1 (e). The language of the statute makes clear that the suit is for "injury or damages" and the right to recover for such injury or damages long precedes the enactment of the Uninsured Motorist Act. The twenty-year statute of limitation of Code Ann. § 3-704 has reference only to rights which arise under legislative enactment, and which would not exist except for some Act of the legislature. *Williams v. Clemons,* 178 Ga. 619 (173 SE 718). The right to recover for "injury or damages" contemplated by the Uninsured Motorist Act existed at common law and was not created anew by the legislature. "To construe it [Code Ann. § 3-704] as referring to every right conferred by statute or accruing 'by operation of law,' and to stick to its letter as thus interpreted, would be to nullify other sections of the code fixing the period within which an aggrieved party shall bring an action in assumpsit or one for damages arising out of the violation of or failure to perform a legal duty imposed upon another under the common law or by statute." *Bigby v. Douglas,* 123 Ga. 635, 638 (51 SE 606). We therefore conclude that that part of plaintiffs' suit dealing with personal injury, even though brought under the Uninsured Motorist Act against an unknown defendant, is subject to a two-year statute of limitation.

2. Code Ann. § 56-407.1 (d) gives the insurer the right to file pleadings and to take other action allowable by law in the name of John Doe or itself. The insurer can plead the statute of limitation as a defense to the suit. *Railey v. State Farm Mut. Auto. Ins. Co.,* 129 Ga. App. 875 (3) (201 SE2d 628). A motion for summary judgment is a proper procedure by which to secure a ruling on the sufficiency of this defense. *Central of Ga. R. Co. v. Harbin,* 132 Ga. App. 65 (207 SE2d 597).

3. Having determined that the applicable statute of limitation is two years and that the insurer can raise this defense and have it ruled upon by motion for summary judgment, we must decide the more difficult question of

whether the granting of summary judgment to the insurer was proper. The plaintiffs contend that the mere allegation in their complaint that the identities of the owner and driver of the car which collided with theirs were and are unknown to them gives the insurer notice of certain tolling circumstances which *might* defeat the statute of limitation defense and that the insurer, to prevail on summary judgment, must offer "extrinsic evidence" before the burden shifted to rebut the contention that the statute of limitation had run. We are aware of the great burden which the movant for summary judgment must bear. ". . . the burden of showing the absence of a genuine issue of any material fact rests on the party moving for summary judgment. In fact, no duty devolves upon the opposing party to produce rebuttal evidence until a prima facie showing for a summary judgment is made by the movant. In order to pierce the allegations of a complaint, the evidence offered by the movant must unequivocally refute the allegations and clearly show the truth of the matter alleged." *Matthews v. N. Cobb Tire Co.,* 120 Ga. App. 269, 271 (170 SE2d 57). However, we deal here with an affirmative defense, the statute of limitation, which, as a general proposition, lends itself to categorical proof without there being any other genuine issues of material fact. 6 Moore's Fed. Practice, § 56.17 [4], p. 2494. "If a defendant moves for summary judgment asserting that the applicable period of limitations has elapsed, his motion should not be denied for the reason that there might possibly be facts which would toll the Statute of Limitations." Carroll v. Pittsburgh Steel Co., 103 FSupp. 788, 790. The face of the complaint itself shows that the incident for which recovery for personal injuries is sought, occurred more than two years prior to the filing of suit. "Appellant contends that there were issues of material fact because there might possibly be facts which would toll the statute of limitations and avoid the plea. But he alleged no such facts and raised no such issues. If he had such facts to allege he might have amended his complaint, served affidavits, or asked permission to reply. He did none of those things." Reynolds v. Needle, 132 F2d 161, 162. We therefore conclude that the insurer has borne his burden by way of demonstrating the

prima facie applicability of the affirmative defense of statute of limitation and that the burden shifted to the plaintiffs to allege or prove such facts as would toll the statute. The plaintiffs having failed to do so, the partial summary judgment as to claims for personal injuries must be affirmed.

*Judgment affirmed. Stolz, J., concurs. Evans, J., concurs in the judgment only.*