## 58367. BASS v. HILTS SOUTHERN EQUIPMENT COMPANY.

SHULMAN, Judge.

On November 6, 1978, appellant filed a complaint seeking compensation (i. e., "wages") for services allegedly rendered to appellee from January, 1976 to December, 1976. On motion for summary judgment, the trial court held that appellant's claims for services

allegedly performed prior to November 6, 1976, were barred by the two-year limitation period contained in Code Ann. § 3-704. On appeal, we reverse.

1. In granting the motion for summary judgment, the trial court sustained appellee's contention that appellant had failed to satisfy the Code Ann. § 3-704 requirement that all "suits for the recovery of wages. . . accruing under laws respecting the payment of wages and overtime. . . be brought within two years after the right of action shall have accrued." Since we reject appellee's premise that § 3-704 governs the instant action, we must also reject the conclusion that appellant's claim was susceptible to a Code Ann. § 3-704 statute of limitation defense.

An examination of appellant's complaint shows that appellant is not seeking "recovery of wages. . . *accruing under laws respecting the payment of wages and overtime.*" (Emphasis supplied.) Rather, appellant's two-count complaint sets forth alternative claims based on express contract and quantum meruit. Since appellant's action involved rights (express contract and assumpsit) recognized under common law and codified from common law, and since Code Ann. § 3-704 has reference to rights arising solely from statute (cf. *Houston v. Doe,* 136 Ga. App. 583 (1) (222 SE2d 131)), the present action is not an action "for the recovery of wages" within the meaning of Code Ann. § 3-704. *Parks v. Brissey,* 114 Ga. App. 563 (1) (151 SE2d 896). Accordingly, the trial court erred in holding the action barred by Code Ann. § 3-704.

2. Cases cited by appellee do not require a contrary result. Unlike the instant action, those cases involve claims arising solely by reason of statute (e.g., employment discrimination cases seeking back pay; cases involving claims for unemployment compensation), which claims are properly governed by Code Ann. § 3-704.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED SEPTEMBER 5, 1979 — DECIDED OCTOBER 22, 1979 —

*William R. Carlisle,* for appellant.
*David M. Brown,* for appellee.