Paula I. WHATLEY, Plaintiff-Appellant,

v.

DEPARTMENT OF EDUCATION, et al.,
Defendants-Appellees.

No. 79-2164.

United States Court of Appeals,
Fifth Circuit.*
Unit B

April 23, 1982.
Rehearing and Rehearing En Banc
Denied May 27, 1982.

Lynn H. Whatley, John R. Myer, Robert H. Stroup, Atlanta, Ga., for plaintiff-appellant.

Marilyn S. G. Urwitz, E.E.O.C., Washington, D. C., amicus curiae.

George P. Shingler, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before MORGAN, ANDERSON and THOMAS A. CLARK, Circuit Judges.

* Former Fifth Circuit case, Section 9(1) of Public Law 96 452—October 14, 1980.

R. LANIER ANDERSON, III, Circuit Judge:

This is an employment discrimination action by appellant, a former employee of the Department of Education of the State of Georgia. She asserts claims under 42 U.S.C.A. § 1981 (1974) and § 1983 (Supp.1980) and under Title VII, 42 U.S.C.A. §§ 2000e, *et seq.* (1974). The district court dismissed the claims under §§ 1981 and 1983 on the ground that they were barred by the most analogous Georgia statutes of limitations and dismissed the Title VII claim on the ground that it had been filed in the district court more than 90 days after receipt of the right-to-sue letter by appellant's attorney. For the reasons stated herein, we affirm in part, reverse in part and remand.

I.

Appellant Paula I. Whatley alleges that she was "constructively discharged" from her job with the Department of Education on September 30, 1974. She filed a timely charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") but the right-to-sue letter was not sent until September 27, 1978. Her attorney, Lynn H. Whatley,[1] received the letter on September 30, 1978. The letter was addressed to appellant in care of her attorney. Appellant, however, did not actually receive the letter until October 5, 1978. This action for reinstatement, restoration of benefits, injunctive relief, and back pay was filed in the district court on January 3, 1979, within 90 days of the date of receipt of the letter by appellant, but more than 90 days from receipt by her attorney.

On appellees' motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), the district court applied a two-year statute of limitations, Ga.Code Ann. §§ 3–704 and 3–1004 (1975), to the claims under §§ 1981 and 1983, including the claims for equitable relief, and dismissed those claims in their

entirety. Furthermore, the district court held that the receipt of the right-to-sue letter by appellant's attorney commenced the 90-day period in 42 U.S.C.A. § 2000e–5(f) (1974) to file a complaint in the district court. The court concluded that the Title VII claim had not been filed until 95 days after receipt by the attorney and dismissed the claim as untimely.

II.

A. *Appropriate statute of limitations for claims of employment discrimination under § 1981.*

 Since § 1981 has no express statute of limitations, the controlling period is the most appropriate one provided in the state wherein the action is filed. *See, e.g., Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Appellant argues that the most appropriate Georgia statute of limitations is Ga.Code Ann. § 3–704 which provides in part:

All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action shall have accrued: Provided, however, that all suits for the recovery of wages, overtime or damages and penalties accruing under laws respecting the payment of wages and overtime, ... shall be brought within two years after the right of action shall have accrued.

The district court apparently held that § 1981 claims are controlled by the two-year statute of limitations contained in Ga. Code Ann. § 3–1004:[2]

Actions for the injury to the person shall be brought within two years after the right of action accrues, ....

The issues are two-fold: (1) which statute, § 3–704 or § 3–1004, is more appropriate to an employment discrimination action,

---

1. The record does not reflect what familial relationship exists, if any, between appellant and her attorney.

2. The district court also applied that portion of Ga.Code Ann. § 3–704 providing for a two-year statute of limitations for recovery of wages.

and (2) if § 3–704 applies, is it to be applied in a bifurcated manner so that the twenty-year period covers equitable claims and the two-year period covers back pay claims.

We begin with an examination of two decisions of this court, *United States v. Georgia Power Co.*, 474 F.2d 906 (5th Cir. 1973), and *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir. 1974), *reversed on other grounds* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). In *United States v. Georgia Power Co., supra,* we held that the two-year statute of limitations for the recovery of wages contained in § 3–704 was the most analogous limitation on recovery of back pay under Title VII. We reasoned:

> Title VII and similar statutes created new causes of action which did not exist at common law or under state statutes. In respect to those causes of action which have no close analogies in state law, civil rights statutes have generally been held governed by the limitation on liabilities created by statute. Note, Federal Statutes Without Limitations Provisions, 53 Columbia L.Rev. 68, 69 (1953). *See Smith v. Cremins,* 308 F.2d 187 (9th Cir. 1962); *Bomar v. Keyes,* 162 F.2d 136, 140 (2d Cir. 1947), cert. denied 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400, reh. den. 332 U.S. 845, 68 S.Ct. 266, 92 L.Ed. 416. *Cf. Franklin v. City of Marks,* 439 F.2d 670 (5th Cir. 1971). However, where federal laws create rights to back pay as part of general remedial relief, courts have generally applied the appropriate state statute of limitations governing actions for unpaid wages. *See Blair v. Page Aircraft,* [467 F.2d 815 (5th Cir.)] *supra; Boudreaux v. Baton Rouge Marine Contracting Co.,* [437 F.2d 1011 (5th Cir.)] *supra.* We therefore determine that the limitations periods provided in Ga.Code § 3–704 should be applied in this case.

474 F.2d at 924. We also suggested in dicta that § 3–704 might be bifurcated so that the twenty-year statute would cover claims for other than back pay:

> Section 3–704 contains two limitations periods: in general, suits for the enforcement of rights under statutes must be brought within 20 years after the action accrues. However, the same statute provides that all such suits seeking recovery of wages, overtime, or damages accruing under statutes respecting the payment of wages are governed by a 2 year limitation period. Thus, without regard to how the 20 year provision may affect the right of the Attorney General to sue for relief from a pattern or practice of discrimination, the right of individual discriminatees to recover lost wages and like damages either in private class actions or the Attorney General's action is subject to Georgia's 2 year limitations period.

474 F.2d at 924 (footnote omitted).

One year later in *Franks v. Bowman Transportation Co., supra,* we held that § 3–704 applies to an employment discrimination claim brought under § 1981:

> Under the same borrowing principle of *Beard v. Stephens, supra,* we conclude that Ga.Code § 3–704 applies to Franks' action under § 1981. The first sentence of that section providing a twenty-year period for "all suits for the enforcement of rights accruing to individuals under statutes . . .", plainly did not bar Franks' § 1981 action. The proviso of the § 3–704 prescribing a two-year period for suits to recover wages applies to the § 1981 action in the same way as to the Title VII action.

495 F.2d at 405–6. Our decision was reversed by the Supreme Court on other grounds; however, the determination of the proper statute of limitations was undisturbed. *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976).

The overwhelming majority of reported decisions of the federal district courts following *Franks* and *Georgia Power* holds that § 3–704 applies, in a bifurcated manner, to employment discrimination claims under § 1981 and Title VII. *See Spencer v. General Motors, Inc.,* 19 E.P.D. ¶ 8968 (N.D. Ga.1978); *Gisonde v. Mobile Chemical Co.,* 17 E.P.D. ¶ 8542 (N.D.Ga.1978); *Snowden v. Seaboard Coast Line R.R. Co.,* 11 E.P.D.

¶ 10,929 (S.D.Ga.1976); *EEOC v. National Cash Register Co.*, 405 F.Supp. 562 (N.D.Ga. 1975); *Ivey v. Western Electric Co.*, 11 E.P.D. ¶¶ 10,899 and 10,900 (N.D.Ga.1975); *Ross v. General Motors Corp.*, 391 F.Supp. 550 (N.D.Ga.1973). Several other district courts have applied the two-year limitation contained in § 3–704 to claims for back pay under § 1981 and Title VII. *See Persons v. United Parcel Service, Inc.*, 502 F.Supp. 1176 (N.D.Ga.1980); *Freeman v. Motor Convoy, Inc.*, 409 F.Supp. 1100, 1114 (N.D.Ga. 1976); *Johnson v. City of Albany*, 413 F.Supp. 782, 788 (M.D.Ga.1976).[3]

In the face of these decisions by this court and the district courts sitting in Georgia, appellees contend that none of the decisions adequately considered the interpretation of § 3–704 by the Georgia appellate courts. Specifically they argue that the twenty-year statute of limitations "for the enforcement of rights accruing to individuals under statutes" has been construed to apply only to actions to enforce rights under special statutes or legislation and not under statutes conferring rights upon the public in general. *See Bigby v. Douglas*, 123 Ga. 635, 51 S.E. 606 (1905); *Nixon v. Nixon*, 196 Ga. 148, 26 S.E.2d 711 (1943). This precise argument was made in *Spencer v. General Motors, Inc., supra.* Judge O'Kelley of the United States District Court for the Northern District of Georgia soundly rejected the argument. We adopt the following portion of Judge O'Kelley's opinion in *Spencer*:

> The primary indication of the proper construction to be given section 3–704 was impliedly provided by the Georgia legislature. Prior to 1943, section 3–704 provided for a 20 year statute of limitations for all statutorily created rights. No proviso for actions seeking back pay was present in the original act which was first enact-

ed in 1855. It was not until 1943 that the proviso relating to actions for back pay was added. The impetus for the change at that particular time was evidently provided by the Federal Fair Labor Standards Act of 1938 [FLSA], 29 U.S.C. §§ 201 *et seq.* Although the FLSA was passed five years prior to the amendment to section 3–704, the act was not upheld as constitutional by the Supreme Court until February 3, 1941. *See United States v. Darby*, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941). In addition, the amendment to section 3–704 tracks the liabilities imposed on employers by the FLSA. Certainly the FLSA is an act which applies to the public at large and not to particular individuals or classes who are "entitled to enforce rights which they [do] not share with their fellow citizens." *Bigby v. Douglas, supra* at 639, 51 S.E. 606. See generally *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959); *Brennan v. Plaza Shoe Store, Inc.*, 522 F.2d 843 (8th Cir. 1975); *Timberlake v. Day & Zimmerman, Inc.*, [6 LC ¶ 61,435] 49 F.Supp. 28 at 33 (S.D.Iowa 1943). By the 1943 amendment, the Georgia legislature has indicated that it construes section 3–704 to apply to the FLSA since it, like section 1981, does not contain its own limitation period. This apparent legislative reaction is a strong indication that section 3–704 is not properly limited by the judicial restriction placed on it in *Bigby*. There is no stronger guide as to the applicability of a state law than action by the state's legislature itself.

Subsequent case law also supports a broad application of section 3–704. In *Champion v. Wells*, 139 Ga.App. 759, 229 S.E.2d 479 (1976), section 3–704 was applied to Ga.Code § 81A–114(a), which cre-

---

**3.** Two reported decisions from the United States District Court for the Southern District of Georgia hold that the two-year statute of limitation in § 3–1004 applies to § 1981 actions. *Williams v. Burns International Security Services, Inc.*, 12 E.P.D. ¶ 11,201 (S.D.Ga.1976); *Collier v. Hunt-Wesson Foods, Inc.*, 13 F.E.P. Cases 88 (S.D.Ga.1976). *Collier*, however, recognized that § 3–704 also applies to claims for

back pay under § 1981. In both cases the district court relied upon our decision in *United States v. Georgia Power Co., supra*, which never even mentioned § 3–1004. These two decisions represent isolated departures from the overwhelming majority of decisions holding that § 3–704 is the controlling statute of limitations on § 1981 and Title VII actions.

ates a right of contribution for a defendant against a third party. No mention was made by the court of the limited applicability of section 3–704, and clearly the remedy provided by Ga.Code § 81A–114(a) is applicable to the public at large. See also *Independent Manufacturing Co., Inc. v. Automotive Products, Inc.*, 141 Ga. App. 518, 233 S.E.2d 874 (1977).

Defendant relies on *Houston v. Doe,* 136 Ga.App. 583, 222 S.E.2d 131 (1975), for the proposition that *Bigby v. Douglas, supra,* "continues to influence the Georgia courts' interpretations of section 3–704." The court does not disagree with defendant's statement; however, the court in *Houston v. Doe* cites the *Bigby* case for the proposition that section 3–704 should not be construed to nullify other specific limitation periods provided for separate statutorily created rights. *Houston v. Doe, supra* at 584, 222 S.E.2d 131. In no way does the court intimate that section 3–704 is not applicable to statutes which create rights applicable to the public at large. Instead, the court simply stated without limiting language:

> The twenty-year statute of limitation of Code Ann. § 3–704 has reference only to rights which arise under legislature enactment, and which would not exist except for some Act of the legislature.

*Id.* at 584, 222 S.E.2d 131.

19 E.P.D. ¶ 8968 at 6024–25 (footnotes omitted).

In further derogation of appellee's argument that § 3–704 applies only to special statutes or legislation is *Perry & Co. v. Knight Insurance Underwriters, Inc.,* 149 Ga.App. 128, 253 S.E.2d 808 (1979). In that case the court of appeals held that the twenty-year statute of limitations in § 3–704 applied to an action under Ga.Code Ann. § 84–5313(a), which requires an insurance company to return unearned insurance premiums to a premium finance company.

The statute was one of general application and the court made no mention of the special versus general application distinction.

Furthermore, the Georgia Court of Appeals has apparently endorsed the federal courts' position on § 3–704, at least as to its applicability to back pay claims. In *Bass v. Hilts Southern Equipment Co.,* 151 Ga.App. 883, 261 S.E.2d 787 (1979), *cert. dismissed as improvidently granted* 245 Ga. 591, 267 S.E.2d 623 (1980), the appellee argued that § 3–704 barred an action to recover compensation for services rendered prior to two years before the suit was filed. The court of appeals held that § 3–704 did not apply, and went on to state:

> Cases cited by appellee do not require a contrary result. Unlike the instant action, those cases involve claims arising solely by reason of statute (e.g., *employment discrimination cases seeking back pay*; cases involving claims for unemployment compensation), *which claims are properly governed by Code Ann. § 3–704.*

*Id.* at 884, 261 S.E.2d at 788 (emphasis added).[4] It is also noteworthy that the court of appeals made no distinction between special and general statutes in discussing the application of § 3–704.

We therefore adhere to our decision in *Franks* and *Georgia Power* and hold that § 3–704 is the applicable statute of limitations for employment discrimination actions under § 1981. Furthermore, § 3–704 as written must be applied in a bifurcated manner so that an action for equitable relief is barred only after twenty years, but an action for back pay is barred after only two years. In this case the suit was filed some four years and three months after appellant's discharge. Clearly her claim for back pay is barred and was properly dismissed; however, she also claims equitable relief including reinstatement and injunctive relief. These claims are timely and it

---

4. The cases cited by the appellee in *Bass* included *Strozier v. General Motors Corp.,* 442 F.Supp. 475 (N.D.Ga.1977), *appeal dismissed* 584 F.2d 755 (5th Cir. 1978), and *EEOC v. C & D Sportswear Corp.,* 398 F.Supp. 300 (M.D.Ga. 1975), both of which applied § 3–704 to back pay claims under § 1981 and Title VII. *See* Brief for Appellee at 2, *Bass v. Hilts Southern Equipment Co.,* 151 Ga.App. 883, 261 S.E.2d 787 (1979).

was error for the district court to dismiss them. Insofar as the court dismissed the equitable claims, the judgment is reversed and the matter remanded.

B. *Appropriate statute of limitations for employment discrimination claims brought under § 1983.*

Appellant also brought suit under § 1983; the allegations of discrimination are the same as those asserted under Title VII and § 1981. Appellant included the § 1983 claim presumably because the appellees acted under color of state law. Nevertheless, appellees argue that the two-year statute of limitations contained in § 3–1004 bars the § 1983 claim, including the claims for equitable relief. They rely upon this court's decisions in *Neel v. Rehberg*, 577 F.2d 262 (5th Cir. 1978), and *Shank v. Spruill*, 406 F.2d 756 (5th Cir. 1969), applying § 3–1004 to actions under § 1983.

In *Neel v. Rehberg, supra*, the plaintiff, a Georgia state inmate, filed a *pro se* § 1983 action against the sheriff and deputy sheriff. The plaintiff alleged that the defendants had refused to arrest certain other individuals, refused to afford him necessary medical services, refused him shower privileges and refused him telephone and visitation privileges, including consultation with his attorney. We applied the two-year statute of limitations on actions for personal injury, to his claims; however, we held that some of the claims were continuing in nature and not barred. In *Shank v. Spruill, supra*, we applied § 3–1004 to a *pro se* complaint alleging that the defendant-police officers had unlawfully brought him from Florida to Georgia to stand trial. We do not believe, however, that our decision in these cases requires the conclusion that a claim of employment discrimination brought under § 1983 is also controlled by § 3–1004. In choosing which state statute of limitations to apply to claims under the federal civil rights statutes, we must engage in a two-step analysis: "first, what under federal law is the 'essential nature' of the claim, and second, what statute of limitations would the state courts hold applicable to this type or class of claim." *Beard v. Stephens*, 372 F.2d 685, 688 (5th Cir. 1967). Under this analysis the essential nature of the allegations in *Neel* and *Shank* sound in tort for personal injury. Therefore, section 3–1004, providing a two-year period for personal injury claims, was the most analogous limitation period. *See also Wooten·v. Sanders*, 572 F.2d 500 (5th Cir. 1978) (Section 1983 action for assault governed by § 3–1004). The "essential nature" of appellant's claim in this case is employment discrimination. We are bound by our holdings in *Georgia Power Co.* and *Franks* that employment discrimination is a liability created by statute and therefore governed by § 3–704. This conclusion has been accepted by the district courts in Georgia and has apparently been endorsed by the Georgia Court of Appeals. *Bass v. Hilts Southern Equipment Co., supra*. We, therefore, hold that an employment discrimination claim brought under § 1983 is governed by the limitations in § 3–704. Furthermore, it would be anomalous to apply one statute of limitations to a § 1983 claim, and a different statute of limitations to a § 1981 claim, when the allegations of discrimination are the same in both cases.

We recognize that our holding results in adopting more than one statute of limitations for § 1983; however, the "essential nature" test set forth in *Beard v. Stephens, supra*, necessarily requires this. Indeed in *Beard* we held that two different statutes of limitations governed two different claims or causes of action, both of which were brought under § 1983.

As with the § 1981 claim, back pay is barred by the two-year statute of limitations, but the other claims are not barred and must be remanded to the district court for determination.

### III.

Finally, the district court granted appellee's Rule 12(b)(6) motion and dismissed appellant's Title VII claim, holding that the receipt of the right-to-sue letter by appellant's attorney commenced the ninety-

day period in which to file suit.[5] Concluding that it was inappropriate, in light of the undeveloped state of the facts as to the scope and extent of the attorney-client relationship here, to dispose of the Title VII claim on the Rule 12(b)(6) motion, we reverse and remand for development of the relevant facts, *see Decker v. Anheuser-Busch*, 670 F.2d 506 (5th Cir. 1982) (en banc), and for a determination of the law applicable to the facts thus developed.

Accordingly, the judgment of the district court is

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**5.** The district court also concluded that timely filing within the ninety-day period was jurisdictional. The reasoning of subsequent cases has established that the time period is not jurisdictional, but is in the nature of a statute of limitations. *Zipes v. Transworld Airlines, Inc.,* —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584 (5th Cir. 1981) (en banc).

