**Geraldine CHAMPION, Plaintiff,**

v.

**GEORGIA BUREAU OF INVESTIGA-TION, Defendant.**

Civ. A. No. C83–523A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 10, 1983.

---

Alvin T. Wong, Atlanta, Ga., for plaintiff.

Marion O. Gordon, Wayne Yancey, George P. Shingler, Asst. Attys. Gen., Atlanta, Ga., for defendant.

### ORDER

ROBERT H. HALL, District Judge.

Plaintiff, a black female applicant for a position as a Special Agent of the Georgia Bureau of Investigation, brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. This court dismissed plaintiff's claims under Title VI and § 1983 on July 7, 1983, finding that both were barred by the Eleventh Amendment and that the Title VI claim also failed to state a claim upon which relief could be granted. Presently before the court is plaintiff's motion to amend this judgment.

Plaintiff first seeks to alter the July 7, 1983 Order to exclude dismissal of her Title VII, 42 U.S.C. § 2000e, claim. The court finds this motion completely unnecessary as the court has only dismissed plaintiff's claims under Title VI and § 1983.[1] The Title VII claim is still pending.

Plaintiff also seeks a reversal of the decision to dismiss her § 1983 and Title VI claims in light of her request to add a state official as a party defendant. Defendant contends that any action against a state official is time-barred and that an amended complaint with him added as a defendant would have to be dismissed.

Because § 1983 and Title VI have no express limitations periods, the controlling periods are the ones provided by the most analogous state law consistent with federal law. 42 U.S.C. § 1988.

### § 1983

Judge O'Kelley of the United States District Court for the Northern District of Georgia recently concluded that the limitations period in O.C.G.A. § 45–19–36 is the one most appropriate for employment discrimination claims brought against State employees under § 1983, such as the one plaintiff seeks to assert. *See Solomon v.*

---

1. The court concluded explicitly: "For the foregoing reasons, plaintiff's claims under Title VI  and under § 1983 are dismissed."

*Hardison,* Civil Action No. C82–648A (N.D.Ga. April 27, 1983). Section 45–19–36 provides in part:

> (a) An individual claiming to be aggrieved by an unlawful practice [committed by public employers] . . . may file with the administrator [of the Office of Fair Employment Practices] a written, sworn complaint stating that an unlawful practice has been committed setting forth the facts upon which the complaint is based . . . The complaint shall be barred unless filed within 180 days after the alleged unlawful practice occurs.

Thus, Judge O'Kelley adopted a 180 day statute of limitations for § 1983 employment claims against State officials.

In doing so, Judge O'Kelley declined to follow the Former Fifth Circuit's decision to apply the 20 year statute of limitations provided in O.C.G.A. § 9–3–22[2] to employment discrimination actions under § 1983. *See Whatley v. Department of Education,* 673 F.2d 873 (5th Cir.1982). In *Whatley,* the court determined that "employment discrimination is a liability created by statute and therefore governed by [§ 9–3–22]." *Id.* at 878. That section provides in part:

> All actions for the enforcement of rights accruing to individuals under statutes . . . shall be brought within 20 years after the right of action has accrued; provided, however, that all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued.

Judge O'Kelley distinguished *Whatley* on the ground that the cause of action in that case arose four years before the enactment of O.C.G.A. § 45–19–36 and therefore was not governed by the 180 day period.

**2.** Formerly Ga.Code Ann. § 3–704.

**3.** O.C.G.A. § 45–19–36 also provides a remedy for discrimination on the basis of religion, national origin, sex, handicap and age.

**4.** The court agrees with Judge O'Kelley that the cause of action in *Whatley* would not have been governed by O.C.G.A. § 45–19–36 because it was passed four years after the claim

This court agrees with the application of O.C.G.A. § 45–19–36. It is a specific remedy, complete with statute of limitations, for racial discrimination in public employment.[3] As such, actions under the Federal Civil Rights Act alleging racial employment discrimination by the State must be governed by its statute of limitations. *Accord Burns v. Sullivan,* 619 F.2d 99 (1st Cir.1980) (Massachusetts statute which permitted complaints of racial discrimination to be filed with the Massachusetts Commission Against Discrimination within six-months of the unlawful act held to provide statute of limitations period for § 1983 actions).

Although the court is troubled by the absence of any reference to O.C.G.A. § 45–19–36 in *Whatley*[4], it is convinced that it is the section most analogous to the § 1983 cause of action in this case and would have been the section applied had an action seeking similar relief been brought in state court.

The 180 day limitation is not inconsistent with the federal policy underlying § 1983. The time period is no shorter than the six-month period available to federal and state employees under Title VII of the Civil Rights Act of 1964 for initiation of a complaint of racial discrimination in employment. 42 U.S.C. § 2000e–5(e).

Under this 180 day limitations period, plaintiff's § 1983 claim expired in January, 1981.[5] Even if the court allowed plaintiff to amend her complaint (filed March 15, 1983) and treated the party addition retroactively, the cause of action would be time-barred. For this reason, the court DENIES plaintiff's motion to add a state official as a party defendant and DENIES her motion to vacate the dismissal of her § 1983 claim.

arose, but it still finds the Fifth Circuit's silence as to O.C.G.A. § 45–19–36 peculiar.

**5.** There is no evidence that plaintiff filed a complaint with the administrator of the Office of Fair Employment Practices; if she had, the limitations period would have begun to run upon the State's final administrative adjudication of the claim.

## TITLE VI

Although O.C.G.A. § 45–19–36 does not expressly prohibit discrimination in federally funded state programs, the court finds it sufficiently broad to cover such discrimination. As a result, in the absence of a more analogous statute, this statute also provides the statute of limitations for plaintiff's Title VI claim.[6] Because plaintiff filed her original complaint more than 180 days after her cause of action arose, the court finds that a Title VI claim against a state official would be time-barred and, accordingly, DENIES plaintiff's motion to add a state official as a defendant and DENIES her motion to vacate the dismissal of the Title VI claim.[7]

## CONCLUSION

For the reasons given, the court DENIES plaintiff's motion to amend the July 7, 1983 dismissal of plaintiff's § 1983 and Title VI claims. The court notes that the Title VII claim is still pending.

---

6. The court does not intend to create a six month statute of limitations for all Title VI actions. This ruling is restricted to discrimination in public employment.

7. This finding renders unnecessary a ruling on plaintiff's request to stay disposition of the motion to dismiss her Title VI claim until further discovery on the source of funding for the employment program at issue.