Frank C. LAURENCE, Plaintiff,

v.

ATZENHOFFER CHEVROLET,
Defendant.

No. CIV.A.V–03–40.

United States District Court,
S.D. Texas,
Victoria Division.

Aug. 19, 2003.

Bobby D. Brown, Law Office of Bobby D. Brown, P.C., Victoria, TX, for Plaintiff.

Mr. Tom Coghlan, Ball & Weed, San Antonio, TX, for Defendant.

## ORDER

RAINEY, District Judge.

Pending before the Court is Defendant's Partial Motion to Dismiss and Motion to Strike. (Dkt.# 5). Also pending is Plaintiff's request for leave to file a Second Amended Complaint. (Dkt.# 6, ¶ 33). After considering the motions, the parties' arguments and the applicable law, the Court is of the opinion that Defendant's motions should be denied, and Plaintiff's request should be granted.

### Factual and Procedural Background

Plaintiff Frank C. Laurence ("Laurence") was discharged from his position as a salesperson by Defendant Atzenhoffer Chevrolet ("Atzenhoffer") on or about June 1, 2002. At the time of his discharge, Laurence was 62 years old and had been employed at Atzenhoffer for over ten years. On April 17, 2003, Laurence filed suit against Atzenhoffer alleging that he was illegally discharged because of his age, and that he was illegally discharged for refusing to commit an illegal act. In its answer, Atzenhoffer claims that Laurence was discharged for insubordination. Included in Atzenhoffer's answer is a motion to dismiss Laurence's claim that he was fired for failing to perform an illegal act and a motion to strike all references to that claim from the pleadings. Included in his response to Atzenhoffer's answer, Laurence requested that the Court grant him leave to amend his complaint for the purpose of adding a cause of action for race discrimination.

## Discussion

**1. Defendant's Motion to Dismiss Plaintiff's *Sabine Pilot* Claim**

**A. Whether Laurence Has Alleged that He Was Asked to Perform an Act With Criminal Penalties**

In Laurence's first amended complaint, he claims that his supervisor at Atzenhoffer "advised him" to misrepresent the trade-in value of automobiles to consumers and that he was "criticized" by his supervisors for not making misrepresentations.[1] Laurence further alleges that he was discharged for his refusal to make such representations.[2] Laurence argues that performing the requested acts would have been a violation of Texas Penal Code § 32.00 *et seq.* Therefore, firing him for refusing to perform the acts would be in violation of the Supreme Court of Texas's holding in *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). *See id.* at 735 (stating, "We now hold that public policy, as expressed in the laws of this state and the United States which carry criminal penalties, requires a very narrow exception to the employment-at-will doctrine...." That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act.). Atzenhoffer claims that the misrepresentation of a ve-

1. Dkt. # 3, p. 3, ¶ 13.

2. Id., p. 3 ¶ 13; p. 4 ¶ 17.

hicle's trade-in value to consumers does not constitute an illegal act, and asks the Court to dismiss Laurence's *Sabine Pilot* claim.[3]

Although no Texas cases have been published on this specific issue, the Court finds that the misrepresentations as alleged would violate Texas Penal Code § 32.42(b).[4] Therefore, Laurence has raised a valid *Sabine Pilot* claim against Atzenhoffer.

**B. Whether Laurence May Bring Both a *Sabine Pilot* Claim and an ADEA Claim in the Same Complaint**

■ Atzenhoffer next contends that Laurence's inclusion of a claim of age discrimination precludes Laurence's ability to bring a claim under *Sabine Pilot*.[5] The Court disagrees. Atzenhoffer correctly states that a plaintiff must allege that his refusal to commit an illegal act was the *sole cause* of his termination in order to state a claim under *Sabine Pilot*. Thus, it appears inconsistent to allow a plaintiff to plead both a Sabine Pilot claim and an alternative theory of wrongful discharge, such as age discrimination. However, Federal Rule of Civil Procedure 8 provides that "a party may ... state as many separate claims or defenses as the party has regardless of consistency." Fed.R.Civ.P. 8(e)(2). Although parties are barred from recovering damages based on mutually exclusive theories, *see Robertson v. Bell Helicopter Textron*, 32 F.3d 948, 952–53 (5th Cir.1994) (affirming a district court's dismissal of a plaintiff's *Sabine Pilot* claim

after the plaintiff received a judgment in his favor on his retaliation claim), parties can properly plead alternative, inconsistent theories of liability and can properly argue alternative claims to the jury. *See Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir.2003); *Fredonia Broadcasting Corp. v. RCA Corp.*, 481 F.2d 781, 801 (5th Cir.1973), overruled on other grounds in *Valdes v. Leisure Resource Group, Inc.*, 810 F.2d 1345, 1350 n. 3 (5th Cir.1987); *see also Scott v. District of Columbia*, 101 F.3d 748, 753 (D.C.Cir. 1996) (citing *Fredonia* for the proposition that a party can argue mutually inconsistent theories of liability to a jury). Until an action has actually reached the point of entering a judgment, Rule 8 allows a plaintiff to explore alternative, mutually exclusive theories. Therefore, while Laurence will only be able to succeed on one of his inconsistent theories of liability, his *Sabine Pilot* claim is not invalidated by the assertion of any inconsistent claims within the same pleading.

Accordingly, Atzenhoffer's motion to dismiss Laurence's *Sabine Pilot* claim at this point in the litigation on the grounds that a *Sabine Pilot* claim and an age discrimination claim are mutually exclusive is denied.

**2. Motion to Strike the Allegations in Paragraphs 13 and 17**

Atzenhoffer also asks the Court to strike the allegations in paragraphs 13 and 17 from Plaintiff's complaint because paragraph 13 merely states that Laurence was

---

**3.** Dkt. # 5, p. 3, ¶ 3.

**4.** *See* TEX. PENAL CODE § 32.42(b) (Vernon 2003). As no Texas court has reported an application of this statute to circumstances analogous to the case at bar, the Court declines to identify which subsection of § 32.42(b) would be most appropriate. However, such subsections as § 32.42(b)(9) ("representing the price of property or service falsely or in a way tending to mislead");

§ 32.42(b)(10) ("making a materially false or misleading statement of fact concerning the...amount of a price or price reduction"); and § 32.42(b)(12)(B) ("making a false or misleading statement otherwise on the connection with the purchase or sale of property or service") appear to have the potential to address the allegations herein.

**5.** Dkt. # 5, p. 1–2, ¶ 2; *see infra*, note 3.

criticized for his refusal to misrepresent values and paragraph 17 states that Laurence was discharged for the same behavior.[6] Atzenhoffer believes that these two statements are inconsistent and should be stricken for their inconsistency. The Court does not find it inconsistent to plead that an employee was criticized for the same behavior for which he was ultimately terminated. The two statements are not inherently mutually exclusive. Therefore, the Court declines to strike the allegations as inconsistent.

Atzenhoffer also argues that since it believes the entire *Sabine Pilot* claim should be dismissed, the allegations in paragraphs 13 and 17 should be stricken as unrelated to any of the non-*Sabine Pilot* claims. Because this Court has found that Laurence's *Sabine Pilot* claim can go forward, the fact that the allegations do not relate to Laurence's other claims is immaterial. Accordingly, Atzenhoffer's motion to strike these allegations is denied.

### 3. Plaintiff's Request for Leave to File a Second Amended Complaint

Laurence seeks to add a claim of race discrimination against Atzenhoffer in violation of 42 U.S.C. § 1981. Atzenhoffer argues that Laurence's request should be denied because Laurence has not exhausted what Atzenhoffer believes to be mandatory administrative remedies in order to have a valid claim for race-based employment discrimination. Atzenhoffer also alleges that such administrative remedies are now time-barred.

 Although a cause of action for race-based employment discrimination based on Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5) requires the exhaustion of administrative remedies before filing a suit, a cause of action under 42 U.S.C. § 1981 does not. *See Walker v. Thompson,* 214 F.3d 615, 625 (5th Cir. 2000). Since § 1981 has no express statute of limitations, the controlling period is the one provided in the state where the action is filed. *Whatley v. Dep't of Educ.,* 673 F.2d 873, 874 (5th Cir.1982). These actions are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is two years fixed by § 16.003 of the Texas Civil Practices and Remedies Code. *Helton v. Clements,* 832 F.2d 332, 334 (5th Cir.1987). The statute of limitations commences on the date of discharge, in this case, June 1, 2002. *Taylor v. Bunge Corp.,* 775 F.2d 617, 618 (5th Cir.1985). Therefore, any § 1981 claims made by Laurence that arise from the events described in the present action are not yet time-barred.

Accordingly, Laurence's request for leave to file an amended complaint including a claim of race discrimination in violation of § 1981 is granted. As Laurence has not sought leave to make any other changes to his original complaint, the only change that will be allowed in his amended complaint is the addition of this particular claim.

### Conclusion

For the foregoing reasons, Defendant's Partial Motion to Dismiss is DENIED and Defendant's Motion to Strike is also DENIED. Plaintiff's request for leave to file a Second Amended Complaint is GRANTED. Plaintiff shall have 10 days from the date of entry of this Order to file an amended complaint.[7]

It is so ORDERED.

---

6. Dkt. # 5, p. 3, ¶ 4.

7. In the future, Plaintiff is reminded that a motion for leave to file an amended complaint

should be submitted as a separate document and not buried in a response to a previous motion. Furthermore, a motion for leave to amend a pleading should include a copy of the proposed amended pleading.