**J. Phillip COOK, Plaintiff,**

v.

**Henry L. ASHMORE, Individually and in His Official Capacity as President, Armstrong State College, Defendant.**

**Civ. A. No. C83–0291A.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 23, 1984.

William F. Braziel, Jr., Braziel & Braziel, Savannah, Ga., J. Hue Henry, Athens, Ga., for plaintiff.

Alfred L. Evans, Asst. Atty. Gen., Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant's decision to offer him a nine-month rather than a 12-month employment contract and to not extend him any salary increase in the offered contract violated his constitutional rights to freedom of speech, to due process and to equal protection of the laws. Plaintiff also asserts a pendent state law claim. Presently before the court is defendant's motion for summary judgment.

## I. FACTS

To understand the court's disposition of the motion before it, a brief review of the relevant facts is necessary:

1. Armstrong State College is a member of the University System of Georgia and, as such, is subject to the control of the Board of Regents of the University System of Georgia. The defendant in this action was the President of Armstrong State College at all times relevant to this litigation and was responsible for the personnel decisions which are the subject of this litigation.

2. Excluding administrative positions, employees of the Board of Regents of the University System fall into two general employment categories, "faculty" and "classified." The Board of Regents has promulgated separate provisions in its by-laws and policies with respect to the two categories. Faculty members are employed solely under written contracts for specified periods, usually for a nine-month academic year but in some instances for a 12-month fiscal year. Classified employees may be employed without a written contract or any specified term of employment. A classified employee may be granted "faculty status" which would give him certain faculty privileges and perquisites but would not confer upon him faculty rank or authorize an award of tenure to him.

3. Plaintiff was employed at Armstrong State College as a non-tenured faculty member Counselor from September, 1972, until about July, 1977. His contracts each year were for 12-month periods. Around July, 1977, plaintiff was transferred to the Community Development Division of the college to serve as a director for continuing education programs, a "classified" position, with his salary to be paid from monies generated by him.

4. Plaintiff maintains that he was never told that his new position was "classified" rather than "faculty." However, in his new position, plaintiff did not enter into a written annual contract as he had in his prior "faculty" position. Also, in April, 1979, plaintiff was granted a leave request expressly pursuant to the Board of Regents' policy providing for full pay for "classified employees."

5. In a letter dated April 29, 1980, defendant informed plaintiff that his employment would be terminated as of July 1, 1980, because he had not generated sufficient funds.

6. Plaintiff administratively contested the adequacy of the termination notice given, maintaining that by virtue of his "faculty status" he was entitled to the nine-month notification of contract non-renewal given to faculty members under the Board of Regents' Policy. The Board of Regents found for plaintiff and remanded the matter to defendant for "appropriate action" on August 20, 1980.

7. In a letter dated August 27, 1980, defendant offered plaintiff a contract for the period from September, 1980, through June, 1981, and notified him that his employment would not be renewed beyond that period. The offered contract did not contain any salary increase. The last paragraph of the letter stated:

> Please signify your acceptance of this appointment by signing the copy of this contract and returning such copy to my office at this institution, so as to reach me within fifteen (15) days from this date. If I do not hear from you within fifteen days from this date, I will assume that you are not accepting the position and I will consider the position to be vacant.

8. Plaintiff did not sign and return the contract offered to him by defendant because he had entered into another employment contract.

9. In a letter dated September 15, 1980, defendant notified plaintiff that he considered plaintiff to have chosen not to accept the employment offer.

10. Plaintiff filed his complaint on May 28, 1982. He contends that defendant's decision to offer him a nine-month, rather than a 12-month, contract and to not offer him a salary increase violated his constitutional rights in three ways: (1) the limited offer was in retaliation for his exercise of "speech" and "petitioning of government" rights under the First Amendment; (2) the decision deprived him of property rights without due process; and (3) the decision deprived him of his right to equal protection. In addition to the federal claims, plaintiff asserts a pendent state law claim for tortious interference with contract.

## II. DISCUSSION

■ Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the exacting burden of establishing that there is no dispute regarding any material fact in the case, *Warrior Tombigbee Transportation Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983), and all reasonable doubts about the facts are to be resolved in favor of the non-movant. *Clemons v. Doughterty County, Georgia*, 684 F.2d 1365, 1369 (11th Cir.1982).

### A. Statute of Limitations

Defendant first moves for summary judgment on the ground that plaintiff's federal claims are barred by the applicable statute of limitations. For the reasons given below, the court does not find plaintiff's claims time-barred.

■ Since 42 U.S.C. § 1983 does not contain its own statute of limitations, it is well settled that the period of limitations to be used is the most analogous one provided by state law. 42 U.S.C. § 1988; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

■ 1. **First Amendment and Due Process Claims.** Defendants suggest that the applicable limitations period for plaintiff's first amendment and due process claims is the six-month period provided by Ga.Off'l Code Ann. § 45–19–36 for filing an administrative complaint for unlawful discrimination committed by a public employ-

er.[1] The court rejects this suggestion, finding that plaintiff's first amendment and due process claims cannot be analogized to the employment discrimination claims covered by Ga.Off'l Code Ann. § 45–19–36.

The most analogous limitations period provided by Georgia law for these claims appears to be either the one provided by Ga.Off'l Code Ann. § 9–3–22 or the one provided by Ga.Off'l Code Ann. § 9–3–33. The former provides a 20-year limitations period, while the latter provides a two-year one.[2] The court need not decide which section is most appropriate since plaintiff's complaint satisfies both.[3] In sum, plaintiff's first amendment and due process claims are not time-barred.

■ **2. Equal Protection Claim.** Defendants also urge the court to apply the six-month limitations period of Ga.Off'l Code Ann. § 45–19–36 to plaintiff's equal protection claim. *Burns v. Sullivan*, 619 F.2d 99, 107 (1st Cir.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980) (Six-month administrative limitations period applied to § 1983 action); *Solomon v. Hardison*, No. C82–648A (N.D.Ga. 1983) (O'Kelley, J.) (Same); *Harmond v. Board of Regents*, No. CA481–326 (S.D.Ga.1982), *aff'd on other grounds*,

691 F.2d 511 (11th Cir.1982) (unpublished)[4] (Same). Although this claim is essentially a claim of unlawful discrimination in public employment and thus is parallel to the conduct for which § 45–19–36 was meant to remedy, the court declines to adopt that section's limitations period for plaintiff's Equal Protection claim.[5] After carefully studying Ga.Off'l Code Ann. §§ 45–19–29—45–19–36 (which provide the statutory cause of action for public employment discrimination in Georgia), the court concludes that a plaintiff bringing a state action for public employment discrimination who chooses to by-pass the state administrative remedy[6] would have 20/two years under Ga.Off'l Code Ann. § 9–3–22 to bring the action since the Georgia Code does not provide a limitations period for *judicial* public employment discrimination actions. Thus the court believes that the most analogous state limitations period for this cause of action is the one provided by Ga.Off'l Code Ann. § 9–3–22. *See* footnote 1, *supra.* Applying the 20/two-year limitations period, the court finds that plaintiff's equal protection claim is not time-barred.

The court notes an additional reason for not applying the limitations period provided by Ga.Off'l Code Ann. § 45–19–36 to plain-

1. Ga.Off'l Code Ann. § 45–19–36 provides, in pertinent part, as follows:
   (a) An individual claiming to be aggrieved by an unlawful practice [committed by a public employer] ... may file with the administrator [of the Office of Fair Employment Practices] a written, sworn complaint stating that an unlawful practice has been committed setting forth the facts upon which the complaint is based ... The complaint shall be barred unless filed within 180 days after the alleged unlawful practice occurs.

2. Ga.Off'l Code Ann. § 9–3–22 provides as follows:
   All actions for the enforcement of rights accruing to individuals under statutes ... shall be brought within 20 years after the right of action has accrued; provided, however, that all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued.
   Ga.Off'l Code Ann. § 9–3–33 provides that:
   Actions for injuries to the person shall be brought within two years after the right of

action accrues, except for injuries to reputation ... and except for actions for injuries to the person involving loss of consortium....

3. The alleged constitutional violation occurred August 27, 1980, (date of the contract offer) and the complaint was filed May 28, 1982.

4. A review of the Eleventh Circuit's opinion in *Harmond* does not reveal an endorsement of the district court's adoption of the six-month limitations period for § 1983 actions; that issue was not before the court on appeal.

5. The court hereby reverses its recent decision of *Champion v. Georgia Bureau of Investigation*, 568 F.Supp. 712 (N.D.Ga.1983) (Hall, J.), which held that the limitations period of Ga.Off'l Code Ann. § 45–19–36 is applicable to § 1983 public employment discrimination actions.

6. The administrative remedy appears to be optional: "An individual ... may file with the administrator...." Ga.Off'l Code Ann. § 45–19–36. (*See* footnote 1, *supra.*).

tiff's § 1983 equal protection claim and that is because that period is an *administrative* limitations period. The Fourth, Sixth, Seventh, Eighth and Tenth Circuits have all rejected the "borrowing" of state administrative statutes of limitations when determining the most analogous state limitations period for 42 U.S.C. §§ 1981 and 1983. *McNutt v. Duke Precision Dental and Orthodontic Laboratories, Inc.,* 698 F.2d 676, 678–79 (4th Cir.1983); *Zuniga v. AMFAC Foods, Inc.,* 580 F.2d 380, 384 n. 5 (10th Cir.1978); *Chambers v. Omaha Public School District,* 536 F.2d 222, 225–27 (8th Cir.1976); *Mason v. Owens-Illinois, Inc.,* 517 F.2d 520, 521–22 (6th Cir.1975); *Waters v. Wisconsin Steel Works,* 427 F.2d 476, 488 (7th Cir.), *cert. denied,* 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970).

### B. Substantive Grounds for Summary Judgment

Finding plaintiff's federal claims not time-barred, the court now addresses defendant's substantive grounds for summary judgment.

### 1. First Amendment Claim

▮ The threshold inquiry surrounding plaintiff's first amendment claim is whether plaintiff's speech and speech-related conduct involved matters of "public concern," rather than matters relating to plaintiff's personal interest. If plaintiff's speech cannot be characterized as constituting speech on a matter of public concern, it is unnecessary for the court to scrutinize the reasons for the alleged reprimand. *Connick v. Myers,* —— U.S. ——, ——, 103 S.Ct. 1684, 1689, 75 L.Ed.2d 708 (1983). Whether plaintiff's speech involved a matter of public concern is to be determined by the content, form, and context of the speech as revealed by the record as a whole. *Id.* at 1690. Additionally, the question relating to the protected status of speech is one of law; thus, it is an appropriate issue to be resolved on a motion for summary judgment. *Id.*

In *Connick v. Myers,* the state allegedly retaliated against plaintiff, a former state employee, for circulating a questionnaire concerning internal office affairs. The Supreme Court held that the employee's speech (circulation of questionnaire) was not protected by the First Amendment, reasoning that employee expression which does not relate to any matter of political, social or other community concern is a personal, rather than a public, expression. *Id.* The Court rejected the proposition that all matters which transpire within a government office are of public concern, since this would mean that every remark or criticism directed against a public official would plant the seed of a constitutional case. *Id.* at 1691. The Court also noted that even in those situations where the employee's speech has a limited impact on matters of public concern, the speech will not necessarily fall within the protection of the First and Fourteenth Amendments. *Id.* at 1693–94.

In sum, the Court held:
[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.
*Id.* at 1690.

The *Connick* case has been applied in cases substantially indistinguishable from the instant case. In *Mahaffey v. Kansas Board of Regents,* 562 F.Supp. 887 (D.Kan. 1983), the District Court of Kansas addressed the case in which a tenured professor at a state university claimed that he had been punished for expressing opinions protected by the First and Fourteenth Amendments. The plaintiff's alleged protected speech concerned matters such as his salary increases, his perquisites, his position on the college organizational chart, and the identity of his superiors. The court, applying *Connick,* characterized these matters as "quintessentially items of individual, rather than public, concern" and accordingly rejected the plaintiff's claim that the speech in question was protected by the First and Fourteenth Amendments;

summary judgment was granted in defendant's favor.

Similarly, in *Ballard v. Blount*, 581 F. Supp. 160 (N.D.Ga.1983), (Vining, J.), Judge Vining of this court granted summary judgment for defendant on plaintiff's First Amendment claim, finding that the speech in question did not relate to matters of public concern. *Id.* at 163. In that case, the plaintiff alleged that defendant had discharged him in retaliation for his administrative grievance over salary increases and for his open challenges to a proposed course syllabus, the manner in which he was assigned his teaching courses, and the denial of tenure to a colleague. *Id.* at 163–65. *Also see Jordan v. Board of Regents*, No. CA 481–542 (S.D.Ga.1983) (Alaimo, J.) (Court granted summary judgment for defendant on plaintiff's first amendment claim, finding that it was predicated on complaints plaintiff had made about the internal operations of the college).

█ Applying *Connick* to the first amendment claim in this case, the court finds that plaintiff's speech for which he was allegedly punished (his successful administrative appeal) did not relate to a matter of public concern and is thus unprotected. The grievance to the Board of Regents concerned the amount of advance notice he was due in connection with the termination of his employment, clearly a matter of personal, rather than a public, interest. The court thus GRANTS summary judgment for defendant on plaintiff's First Amendment claim.

### 2. Due Process Claim

█ In *Parratt v. Taylor*, 451 U.S. 527, 536–537, 101 S.Ct. 1908, 1913–1914, 68 L.Ed.2d 420 (1981), the Supreme Court enumerated four prerequisites to asserting a "due process" claim:

(1) The conduct complained of must have been committed by a person acting *under color of State law.*

(2) There must be a constitutionally protected *property or liberty interest* in issue.

(3) There must be a *deprivation* of this protected interest, and

(4) The deprivation of the protected interest must be *without 'due process of law'.*

*Id.* at 535–37, 101 S.Ct. at 1912–1914. (Emphasis added). The second, third and fourth requirements prove fatal to plaintiff's Due Process claim:

(a) *Property or Liberty Interest.* Plaintiff essentially claims that he had constitutionally protected property interests in a 12-month appointment and in a salary increase.[7] The court finds no such protected interests.

The 12-month contract and salary increase were expectations rather than entitlements. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Perry v. Sincerman*, 408 U.S. 593, 602, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972). Plaintiff points to no statute, rule, regulation, policy or contractual term that reasonably could be read as providing him with an entitlement to these benefits. The fact that most of plaintiff's previous contracts had been for 12 months and had contained pay raises may have lead to an expectation of receiving these terms, but it does not evidence an entitlement to them. *See Doyle v. University of Alabama*, 680 F.2d 1323, 1326 (11th Cir. 1982) (No property interest exists in a recommended pay increase); *Mahaffey v. Kansas Board of Regents, supra* 562 F.Supp. at 889–90 (No property right exists in a merit salary increase).

(b) *Deprivation of liberty or property interest.*

(c) *Without Due Process.*

The existence or nonexistence of the third and fourth requirements is tied to the

---

**7.** Plaintiff's complaint does not appear to allege a denial of procedural or substantive due process in the decision to terminate, focusing instead on the decision to not extend a pay raise or a 12-month contract. The court, therefore, does not reach the issue of whether plaintiff had a protected interest in continued employment.

second in this case. Because the court finds that plaintiff had no protected property or liberty interest in receiving a pay raise or a 12-month contract offer, plaintiff could not have been deprived of such an interest without due process.[8]

The court accordingly GRANTS summary judgment for defendant on plaintiff's due process claim.

### 3. Equal Protection Claim

▬▬▬ In order to establish a violation of the Equal Protection Clause based upon the *ad hoc* action of state officials, a plaintiff must demonstrate that the action was prompted by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 890 (1971); *Mahaffey v. Kansas Board of Regents, supra,* 562 F.Supp. at 890. In the instant case, plaintiff has not met this burden. He does not assert that he is a member of any traditionally discrete class (such as race, sex or age) which has been or may be subjected to invidious discrimination. The court GRANTS summary judgment for defendant on plaintiff's Equal Protection claim.

### C. State Law Claim

▬▬ In light of the court's disposition of plaintiff's federal law claims, the court declines to exercise jurisdiction over the state law claim and DISMISSES it without prejudice. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

### III. CONCLUSION

In sum, the court GRANTS defendant's motion for summary judgment on plaintiff's constitutional claims and DISMISSES plaintiff's remaining state law claim.

---

**8.** The court does not reach the question of whether plaintiff was terminated without due process. *See* footnote 7, *supra.*