Lucius T. SOLOMON,
Plaintiff-Appellant,

v.

C. Hugh HARDISON, et al.,
Defendants-Appellees.

No. 83–8658.

United States Court of Appeals,
Eleventh Circuit.

Nov. 1, 1984.

As Amended on Denial of
Rehearing Jan. 10, 1985.

Antonio L. Thomas, Donald M. Dotson, Robert H. Stroup, Atlanta, Ga., for plaintiff-appellant.

George P. Shingler, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this case, we examine whether the trial court properly dismissed Solomon's (appellant) claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e–2000e–17 (West 1981), and 42 U.S.C.A. § 1983 (West 1974). The court dismissed appellant's Title VII claim because he had not obtained a right-to-sue letter from the Attorney General. The court dismissed appellant's section 1983 claim because it was time barred under a 180-day statute of limitations used by the district court. We hold that the court erred as to both claims and, thus, reverse.

## Background

On June 16, 1973, the Georgia Department of Public Safety employed appellant, Lucius T. Solomon, as a Civil Disorder Specialist. The Uniform Division of the Georgia Department of Public Safety is known as the Georgia State Patrol (patrol). Solomon contends that although he has satisfied all the necessary criteria for membership, appellees unjustly refuse to recognize him as a member of the Patrol.

In 1976, Solomon requested recognition as a member of the patrol. This request was allegedly denied by appellees, C. Hugh Hardison (Commissioner) and Kenneth Rearden (Personnel Officer). In June, 1980, the Board of Public Safety, through a subcommittee, ruled that Solomon could not be deemed a member of the Patrol.

On September 6, 1979, January 13, 1981, and May 12, 1981, Solomon filed employment discrimination charges against the Department of Public Safety based on race. This case arises out of a right-to-sue letter Solomon received regarding the charge filed with the Equal Employment Opportunity Commission (EEOC) on May 12, 1981. Solomon's contentions are twofold: first, he contends that by failing and refusing to recognize him as a sworn and certified member of the Georgia State Patrol, appellees, under 42 U.S.C.A. § 1983, denied him due process and equal protection; second, he contends that appellees violated Title VII by taking retaliatory actions against

him because of the filing of discrimination charges with the EEOC.[1]

Solomon was issued a right-to-sue letter from the EEOC on December 4, 1981. He filed his complaint in the district court on March 30, 1982. On April 27, 1983, the trial court dismissed the Title VII and section 1983 claims.

## Discussion

The district court dismissed Solomon's Title VII claim because he had not obtained a right-to-sue letter from the Attorney General of the United States; thus, Solomon failed to exhaust administrative remedies. In so ruling, the district court relied on 42 U.S.C.A. § 2000e–5(f)(1).[2] Under this statute, a person seeking to file a Title VII lawsuit against a government, governmental agency, or political subdivision, must first be issued a right-to-sue letter by the Attorney General of the United States. *Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518, 1524 (11th Cir. 1983). In this case, the Attorney General did not issue a right-to-sue letter.

The trial court rejected the equitable suspension theory set forth in *English v. Ware County Department of Family and Children*, 546 F.Supp. 689 (S.D.Ga.1982) holding that the Attorney General right-to-sue provision was more than a procedural precondition. The court dismissed Solomon's Title VII claim because he had "failed to comply with an administrative step required before a Title VII suit may be instituted in federal district court." The

section 1983 claim was dismissed because it was time barred.

Two issues are presented to this court: first, whether the section 2000e–5(f)(1) requirement that the Attorney General issue a right-to-sue letter is a jurisdictional prerequisite to this suit, or whether, instead, the requirement is subject to equitable waiver, modification, or estoppel. Second, whether section 45–19–36 is the appropriate statute of limitations in Georgia for a 42 U.S.C.A. § 1983 action.

## Title VII

■ The *Fouche* court stressed that "all Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements." *Fouche*, 713 F.2d at 1525. *See also Pinkard v. Pullman-Standard, a Division of Pullman, Inc.*, 678 F.2d 1211, 1216–17 (5th Cir. Unit B 1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983). Following the *Fouche* decision, we hold that the requirement of 42 U.S.C.A. § 2000e–5(f)(1) that a right-to-sue letter must be issued by the Attorney General is not jurisdictional, but instead is subject to equitable waiver, modification, or estoppel. *Fouche*, 713 F.2d at 1524.

[The district court] assumed the statutory requirement was jurisdictional, and therefore did not discuss equitable modification....

---

1. These alleged retaliatory actions included: (1) loss of a permanently assigned vehicle, (2) refusing to allow Solomon to attend a Certified Grievance Hearing Seminar; (3) subjecting Solomon to a policy, newly instituted, prohibiting viewing of televisions, (4) requiring Solomon to dress appropriately, and (5) loss of compensatory time.

2. Title 42 U.S.C.A. § 2000e–5(f)(1) provides, in pertinent part:

    If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section

or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

Having concluded that the requirement that the Attorney General issue the right to sue letter is not jurisdictional, we must now decide whether the facts of this case warrant equitable modification of the statutory requirement.

*Fouche,* 713 F.2d at 1525–26.

■ In this case, the parties agree that Solomon attempted unsuccessfully to obtain a right-to-sue letter from the Attorney General. The record contains the affidavit of Donald D. Dotson, Solomon's attorney, which states that he contacted the Justice Department regarding the issuance of a right-to-sue letter. The record contains this response from the Justice Department.

Reference is made to your letter dated January 13, 1983, in regard to the above-captioned case, and your request for a Notice of Right to Sue based on the charge which forms the basis for that suit. The charge was dismissed and a Notice of Right to Sue issued by the Equal Employment Opportunity Commission (EEOC) on December 4, 1981.

. . . .

By regulation promulgated July 21, 1980, and effective the same date, the EEOC undertook to follow *Shea* and issue Notice of Right to Sue along with dismissals of charges against governmental entities. *See* 41 F.R. 48614; 20 C.F.R. Sec. 1601.28(d). . . .

Since Mr. Solomon's charge was dismissed after July 21, 1980, we believe that the Notice of Right to Sue was properly issued by the EEOC pursuant to that regulation. It is further our position that in light of the regulation, it would be improper for the Notice to have been issued by the Attorney General, or to be issued by the Attorney General at this time. . . .

I hope this letter will clarify our previously stated position that we are unable to issue a Notice of Right to Sue in the instant case because the EEOC charge was dismissed on or after July 21, 1980, and the Notice of Right to Sue was properly issued by EEOC.

In this case, as in *Fouche,* Solomon has conclusively demonstrated that he could not get the required right-to-sue letter from the Attorney General. *Fouche,* 713 F.2d at 1526. We hold that the section 2000e–5(f)(1) requirement that an individual obtain a right-to-sue letter from the Attorney General must be waived in this case.

It is apparent that [Solomon] has diligently attempted to obtain the required notice, but the Attorney General has refused to issue it. To dismiss [his] Title VII claim for failure to receive the proper notice when [he] is unable to obtain it would obviously be unfair to [Solomon]. Therefore, the requirement that [Solomon] receive a right-to-sue notice from the Attorney General is waived.

*Fouche,* 713 F.2d at 1526 (footnote omitted).

### Section 1983 Claims

■ The district court held that Solomon's section 1983 claims for denial of equal protection and due process had to be dismissed because the claims were time barred. Section 1983 does not provide for a specific statute of limitations period; federal courts, in section 1983 actions, must "borrow from" state law for specific statutes of limitations. *Burnett v. Grattan,* —— U.S. ——, ——, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984). The Eleventh Circuit has designed a two-step analysis to be applied when a federal court seeks to "borrow" a state statute of limitations in actions brought under a federal civil rights statute which does not contain its own statute of limitations.

In choosing which state statute of limitations to apply to claims under the federal civil rights statutes, we must engage in a two-step analysis: 'first, what under federal law is the "essential nature" of the claim, and second, what statute of limitations would the state courts hold applicable to this type or class of claim.'

*Whatley v. Department of Education,* 673 F.2d 873, 878 (5th Cir. Unit B 1982) (quoting *Beard v. Stephens,* 372 F.2d 685, 688 (5th Cir.1967).

We have described in a variety of ways the task of a court when determining which of a set of arguably state statutes of limitations should govern a suit brought under the Civil Rights Acts. For example, in *Johnson v. Railway Express Agency, supra,* [421 U.S.] at 462 [95 S.Ct. 1716 at 1721, 44 L.Ed.2d 295 (1975)], an action brought under 42 U.S.C. § 1981, we describe the goal as that of identifying the 'most appropriate' state statute of limitations. In *Board of Regents v. Tomanio,* 446 U.S. 478, 483–484 [100 S.Ct. 1790, 1794–1795, 64 L.Ed.2d 440] (1980), an action under § 1983, we suggested that the court should select 'the state law of limitations governing an analogous cause of action.' *Burnett,* —— U.S. at ——, 104 S.Ct. at 2829.

In this section 1983 action, the trial court chose to apply the state statute of limitations set forth in Ga.Code Ann. § 45–19–36 (1982). That section provides a 180-day period of limitations.[3] Under the 180-day period of limitations, Solomon's cause of action which accrued in 1980, with filing of suit in 1982, would be time barred.

Solomon contends that the applicable period of limitations is in Ga.Code Ann. § 9–3–22. That section provides that actions for the enforcement of rights must be brought within twenty years after the right of action has accrued and that actions for the recovery of wages, overtime, or damages must be brought within two years after the right of action has accrued.[4] Under this period of limitations, Solomon's section 1983 action would not be time barred.

The *Whatley* court held that section 3–704 (now section 9–3–22) governs an employment discrimination claim brought under section 1983.

The 'essential nature' of appellant's claim in this case is employment discrimination. We are bound by our holdings in *Georgia Power Co.* and *Franks* that employment discrimination is a liability created by statute and therefore governed by § 3–704. This conclusion has been accepted by the district courts in Georgia and has apparently been endorsed by the Georgia Court of Appeals.... We, therefore, hold that an employment discrimination claim brought under § 1983 is governed by the limitations in § 3–704. *Whatley,* 673 F.2d at 878. This circuit has, thus, firmly held that in employment discrimination suits, a federal court should apply the Georgia 20/2 year period of limitations set forth in section 3–704 (now section 9–3–22).

The district court determined that the *Whatley* decision was not applicable to this case because the cause of action in *Whatley* arose in 1974, four years prior to enactment of the Georgia Fair Employment Practices Act of 1978 (Ga.Code Ann. §§ 45–19–20—45–19–45 (1982)). The district court went on to hold that section

3. Ga.Code Ann. § 45–19–36(a) provides:
   An individual claiming to be aggrieved by an unlawful practice or another person on behalf of an individual claiming to be aggrieved by an unlawful practice may file with the administrator a written, sworn complaint stating that an unlawful practice has been committed setting forth the facts upon which the complaint is based and setting forth facts sufficient to enable the administrator to identify the employer, hereinafter called the respondent, charged. The administrator's staff shall promptly investigate the allegations of unlawful practice set forth in the complaint and within 15 days of filing, shall serve the respondent with a copy of the complaint. The complaint shall be barred unless filed within 180 days after the alleged unlawful practice occurs.

4. Ga.Code Ann. § 9–3–22 (1982) provides:
   All actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued; provided, however, that all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued. (Ga.L. 1855–56, p. 233, § 12; Code 1863, § 2857; Code 1868, § 2865; Code 1873, § 2916; Code 1882, § 2916; Civil Code 1895, § 3766; Civil Code 1910, § 4360; Code 1933, § 3–704; Ga. L.1943, p. 333, § 1.)

45–19–36 is applicable because it sets out the appropriate limitations period for claims of employment discrimination brought against public employers. Under the recent Supreme Court decision in *Burnett v. Grattan,* it is evident that the trial court was mistaken when it held section 45–19–36 to be the applicable statute of limitations for this section 1983 action.

Section 45–19–36(a) provides that a person aggrieved by an unlawful practice may file an administrative complaint; it addresses the filing of administrative, rather than judicial complaints. The section provides for the filing of complaints with an administrator who determines whether reasonable cause exists to believe the respondent has engaged in an unlawful practice. The filing of suit in court occurs only after the aggrieved individual has proceeded through the administrative framework in the applicable provisions. Recent court decisions indicate that it is not appropriate to "borrow" a limitations period in a state administrative employment discrimination statute in a federal section 1983 action.

The court in *Cook v. Ashmore,* 579 F.Supp. 78 (N.D.Ga.1984) chose to apply the 20/2 year period of limitations in section 9–3–22 rather than the 6-month limitations period in section 45–19–36 to a public employment discrimination claim.

> After carefully studying Ga.Off'l.Code Ann. §§ 45–19–29—45–19–36 (which provide the statutory cause of action for public employment discrimination in Georgia), the court concludes that a plaintiff bringing a state action for public employment discrimination who chooses to bypass the state administrative remedy would have 20/two years under Ga.Off'l.Code Ann. § 9–3–22 to bring the action since the Georgia Code does not provide a limitations period for *judicial* public employment discrimination actions. [Footnote omitted.] Thus the court believes that the most analogous state limitations period for this cause of

action is the one provided by Ga.Off'l. Code Ann. § 9–3–22. . . .

> The court notes an additional reason for not applying the limitations period provided by Ga.Off'l.Code Ann. § 45–19–36 to plaintiff's § 1983 equal protection claim and that is because that period is an *administrative* limitations period. The Fourth, Sixth, Seventh, Eighth and Tenth Circuits have all rejected the 'borrowing' of state administrative statutes of limitations when determining the most analogous state limitations period for 42 U.S.C. §§ 1981 and 1983.

*Cook,* 579 F.Supp. at 82–83. The *Cook* court reversed an earlier decision which held that the limitations period in section 45–19–36 was applicable to a section 1983 public employment discrimination action.[5]

The Supreme Court in *Burnett* was faced with the question of "whether a state law, establishing a procedure for administrative resolution of employment discrimination complaints, provides an appropriate statute of limitations for actions brought under the Reconstruction-era Civil Rights Acts, 42 U.S.C. § 1981, *et seq.*" *Burnett,* — U.S. at —, 104 S.Ct. at 2926. The Supreme Court held that the administrative limitations period was not applicable to this federal civil rights action. *Burnett,* — U.S. —, 104 S.Ct. at 2926.

In determining whether a state statute of limitations should govern a suit brought under the Civil Rights Acts, a court must determine whether that state law takes into account the "practicalities that are involved in litigating federal civil rights claims and policies that are analogous to the goals of the Civil Rights Acts." *Burnett,* — U.S. at —, 104 S.Ct. at 2930. The *Burnett* Court stated: "Applying these criteria for disqualifying a particular state law, we begin with the observation that borrowing an administrative statute of limitations ignores the dominant

---

5. "The court hereby reverses its recent decision of *Champion v. Georgia Bureau of Investigation,* 568 F.Supp. 712 (N.D.Ga.1983) (Hall, J.), which held that the limitations period of Ga.Off'l Code

Ann. § 45–19–36 is applicable to § 1983 public employment discrimination actions." *Cook,* 579 F.Supp. at 82 n. 5.

characteristic of civil rights actions: they belong in court." *Burnett,* —— U.S. at ——, 104 S.Ct. at 2930. The practical difficulties facing an aggrieved person who invokes administrative remedies contrast sharply with those difficulties faced by those seeking to file a judicial complaint.

> The time limit established by the Maryland legislature reflects in part the minimal burden state law places on the administrative complainant, which does not correspond in any significant way to the substantial burden federal law places on a civil rights litigant.

*Burnett,* —— U.S. at ——, 104 S.Ct. at 2930 (footnote omitted).

> The divergence between the goals of the federal civil rights statutes and of the state employment discrimination administrative statute is clear in the present case. The goals of the federal statute are compensation of persons whose civil rights have been violated, and prevention of the abuse of state power.... That these are not the goals of the statute empowering Maryland's administrative agency to resolve employment discrimination complaints is apparent both because the remedial authority of the agency is limited, and because the state scheme does not create a private right of action. The stated goal of the state administrative procedure is the prompt identification and resolution of employment disputes. The administrative scheme, including a short statute of limitations, encourages conciliation and private settlement through the agency's intervention in live disputes.

*Burnett,* —— U.S. at ——, 104 S.Ct. at 2930–32 (footnotes omitted).

The Supreme Court in *Burnett* rejected the application of the state administrative limitations period to a suit brought under the Civil Rights Acts. The Court determined that the shorter administrative limitations period was not applicable due first, to the differences between filing a judicial complaint and invoking administrative remedies, and second, to the divergence between the goals of the federal civil rights statutes and of the state employment discrimination administrative statute.

Following the *Burnett* decision, we reject the "borrowing" of the Georgia state administrative statute of limitations in a section 1983 action. Based upon the fundamental differences between the goals and the procedures in an administrative process and a judicial process, we hold that it is inappropriate to apply a state administrative limitations period to a federal civil rights suit.

In summary, we hold that the requirement for a right-to-sue letter is waived in this case; we further hold that the appropriate Georgia state statute of limitations to be "borrowed" in this section 1983 action is section 9–3–22. Under the 20/2 year period of limitations, this section 1983 action is not time barred.

The decision of the district court is, thus,

**REVERSED**