380 S.E.2d 436

**Carolyn E. MASON**

v.

**CITY OF MARTINSBURG.**

No. 18249.

Supreme Court of Appeals of
West Virginia.

April 18, 1989.

James F. Wallington, Stanley M. Hostler, Hostler & Segal, Charleston, Homer A. Speaker, Sanders & Speaker, Martinsburg, for appellant.

J. Oakley Seibert, Rice, Hannis & Douglas, Martinsburg, for appellee.

BROTHERTON, Chief Justice:

This is an appeal from the final order of the Circuit Court of Berkeley County dismissing the appellant's civil action as barred by the ninety-day time period contained in W.Va.Code § 5–11–13(b) (1987). The appellant argues that the ninety (90) day time period prescribed in W.Va.Code § 5–11–13(b) commences upon receipt by the complainant of written notice of the right to sue; thus, the trial court erred in finding that the ninety day time period commences when the notice is mailed by the West Virginia Human Rights Commission (Commission). We agree; therefore, we reverse.

On February 2, 1979, Carolyn Mason filed a discrimination complaint with the Commission. Ms. Mason alleged that the City of Martinsburg violated W.Va.Code § 5–11–1 *et seq.* (1967)[1] when it refused to hire her as a police officer. On March 4, 1980, the Commission issued a probable cause determination that the City had violated the West Virginia Human Rights Act.

In 1983, while Ms. Mason's case was pending before the Commission, the West Virginia Legislature enacted several amendments to W.Va.Code § 5–11–13. Among the amendments enacted was a requirement that the Commission notify a complainant of the right to sue in circuit court if "... after an expiration of one year [after the complaint was filed], the complaint has not been determined on the merits...." Subsequently, the Commission sent Ms. Mason notice of her right to sue by certified mail, return receipt requested. The notice was postmarked March 31, 1983, and was received by Ms. Mason on April 2, 1983. On June 30, 1983, Ms. Mason filed a discrimination suit in the Circuit Court of Berkeley County.

On September 1, 1987, the City moved to dismiss the case because the civil action had not been filed in circuit court within

---

**1.** The specific provision alleged to have been violated is West Virginia Code § 5–11–9(a), which provides, in pertinent part:

It shall be an unlawful discriminatory practice, ... (a) For any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required ...

ninety days from the date the notice was mailed by the Commission.[2] Following a hearing, the circuit court ruled that W.Va. Code § 5-11-13(b) requires the complainant to institute a civil action within ninety days from the date the notice is postmarked. In this case, the notice was postmarked March 31, 1983, and the civil action was not filed until June 30, 1983, or ninety-one days after the notice was mailed. Therefore, the circuit court dismissed Ms. Mason's complaint for lack of jurisdiction. It is from this adverse decision that Ms. Mason appeals.

The controversy centers around the interpretation of W.Va.Code § 5-11-13(b), which provides, in pertinent part:

Notwithstanding the provisions of subsection (a) of this section, a complainant may institute an action against a respondent in the county wherein the respondent resides or transacts business *at any time within ninety days after the complainant is given notice of a right to sue...*

\* \* \* \* \* \*

Notice of right to sue shall be given immediately upon complainant being entitled thereto, by personal service or certified mail, return receipt requested, which notice shall inform the complainant in plain terms of his right to institute a civil action as provided in this section *within ninety days of the giving of such notice. Service of the notice shall be complete upon mailing.*[3]

(Emphasis added.)

The italicized language permits no clear conclusion. Because the statute is ambiguous, we must construe it in light of its legislative intent. *Price v. Boone County Ambulance Authority*, 175 W.Va. 676, 337 S.E.2d 913 (1985), citing *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 305 S.E.2d 268 (1983). "[T]his Court has consistently interpreted the West Virginia Human Rights Act broadly." *Shepherdstown Volunteer Fire Dept. v. State ex rel. State of West Virginia Human Rights Comm'n*, 172 W.Va. 627 at 633, 309 S.E.2d 342 at 348 (1983). This interpretation accords with the legislative directive that "[T]he provisions of this article shall be liberally construed to accomplish its objectives and purposes." W.Va.Code § 5-11-15 (1967).

The issue in this case is an issue of first impression for this Court.[4] The federal courts have interpreted a similar provision of Title VII of the Civil Rights Act § 2000e *et seq.* (1964), and that interpretation provides us with guidance in interpreting W.Va.Code § 5-11-13(b). *Independent Fire Co. No. 1 v. West Virginia Human Rights Comm'n.*, 180 W.Va. 406, 376 S.E.2d 612 (1988); *Shepherdstown Volunteer Fire Dept. v. West Virginia Human Rights Comm'n, supra; West Virginia Human Rights Comm'n v. United Transportation Union Local No. 655, et al.*, 167 W.Va. 282, 280 S.E.2d 653 (1981).

The parallel provision, 42 U.S.C. § 2000e-5(f)(1) provides, in pertinent part:

If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred eighty days from the

---

2. The City initially raised this issue in their answer to the complaint.

3. West Virginia Code § 5-11-13(b) further provides:

The commission shall give a complainant who has filed a complaint a notice of a right to sue forthwith upon (1) the dismissal of the complaint within one hundred eighty days of the filing thereof for any reason other than a decision on the merits of the case, or (2) the expiration of a period of one hundred eighty days during which period no public hearing has been held on such complaint and the commission and the respondent have not entered into a conciliation agreement to which the complainant is a party.

4. We did state in footnote 3 of *Price v. Boone County Ambulance*, 175 W.Va. at 678, 337 S.E.2d at 915:

Section 5-11-13(b) requires the Human Rights Commission to notify a complainant that he has a right to sue in circuit court in certain situations—notably if there has been no hearing with 180 days of filing or no determination within a year. A complainant who has received such a notice may file suit at any time prior to the expiration of the statute of limitations on his claim, *or ninety days after he is given notice, whichever is later.*

(Emphasis added.)

filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge* ...

(Emphasis added.) In interpreting this provision, the federal courts have universally held that the ninety day time period commences upon receipt of the notice by the complainant.[5] *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), *reh'g denied,* 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984); *Rice v. New England Coll.,* 676 F.2d 9 (1st Cir.1982); *Mosel v. Hills Dept. Store, Inc.,* 789 F.2d 251 (3rd Cir.1986); *Russell v. American Tobacco Co.,* 528 F.2d 357 (4th Cir.1975), *cert denied,* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976); *Espinoza v. Missouri Pacific Railroad Co.,* 754 F.2d 1247 (5th Cir.1985); *Banks v. Rockwell Intern. North American Aircraft Operations,* 855 F.2d 324 (6th Cir.1988); *Jones v. Madison Service Corp.,* 744 F.2d 1309 (7th Cir.1984); *Braxton v. Bi–State Development Agency,* 728 F.2d 1105 (8th Cir.1984); *Mitchell v.*

*Los Angeles Community Coll. Dist.,* 861 F.2d 198 (9th Cir.1988); *Bolling v. City & County of Denver, Colorado,* 790 F.2d 67 (10th Cir.1986); *Bell v. Eagle Motor Lines, Inc.,* 693 F.2d 1086 (11th Cir.1982); *Josiah–Faeduwor v. Communications Satellite Corp.,* 785 F.2d 344 (D.C.Cir.1986).

The language of the federal statute is virtually identical to W.Va.Code § 5–11–13(b). The unusual wrinkle in the West Virginia statute is its provision that "[s]ervice of the notice shall be complete upon mailing." We cannot construe this language to begin the complainant's ninety-day period to sue while a certified letter languishes or is lost in the mail. Such a construction would do violence to the purpose of the section and the right-to-sue letter. On the other hand, it seems quite reasonable that this language goes to the Commission's responsibility to mail notice of the right to sue.[6]

Moreover, W.Va.Code § 5–11–13(b) specifically requires that the notice of the right to sue be served upon the complainant either by personal service or certified mail, return receipt requested. If we were to accept the trial court's interpretation of this provision, a complainant who received the right-to-sue letter by personal service would have ninety days, while a complainant whose right-to-sue letter is mailed would have eighty-nine days or less, from the time of receipt of the notice, to file an

---

**5.** The circuits do differ on what actions constitute receipt by the complainant. The Seventh Circuit has adopted an "actual receipt" rule which holds that the statutory period does not begin to run until the claimant actually receives the letter. *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union,* 585 F.2d 210 (7th Cir.1978).

Other circuits have criticized the actual receipt rule, arguing that it would enable a claimant to extend at will the deadline for filing his action. The Fifth and Eleventh Circuits have rejected the actual receipt rule in favor of a flexible rule which requires a case-by-case examination to determine if equitable tolling of the filing period is appropriate. *Harvey v. City of New Bern Police Dept.,* 813 F.2d 652 at 654 (4th Cir.1987). In this case, there is no dispute that Ms. Mason received the notice of her right to sue on April 2, 1983; therefore, we need not address this issue.

**6.** In this light, West Virginia's statute may be superior to the federal one. Federal courts have been obligated to create an "equitable modification" to the prerequisite of a notice of right to sue, in situations involving public employee complainants, where the Attorney General has not issued the right-to-sue letter as required by 42 U.S.C. § 2000e–5(f)(1). *Moore v. City of Charlotte, North Carolina,* 754 F.2d 1100 (4th Cir.1985), *cert denied,* 472 U.S. 1021, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985); *Solomon v. Hardison,* 746 F.2d 699 (11th Cir.1984); *Fouche v. Jekyll–Island State Park Authority,* 713 F.2d 1518 (11th Cir.1983); *Woods v. State of Missouri Dept. of Mental Health, Kansas City Regional Diagnostic Center,* 581 F.Supp. 437 (W.D.Mo. 1984); *cf. Baldwin County Welcome Center v. Brown, supra; Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), *reh'g denied,* 456 U.S. 940, 102 S.Ct. 2001, 72 L.Ed.2d 461 (1982).

action in circuit court. We do not believe the Legislature intended such an inequitable result.

We, therefore, hold that the ninety day time period prescribed in W.Va.Code § 5–11–13(b) commences upon receipt by the complainant of the written notice of the right to sue.

Accordingly, the order of the Circuit Court of Berkeley County is reversed.

Reversed.