United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-21203
Summary Calendar

———————————

BERNARD GARRETT,

Plaintiff — Appellant,

versus

CITY OF HOUSTON, TEXAS

Defendant — Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston
No. 4:03-CV-1301
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Bernard Garrett appeals the dismissal of his claims against the City of Houston. Appellant has not raised on appeal the district court's dismissal of his state law claim, and that claim is, therefore, waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court dismissed Appellant's Title VII claim without prejudice for failure to exhaust administrative remedies, specifically, for failure to obtain a right-to-sue letter from the Attorney General of the United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to 42 U.S.C.A. §2000e-5(f)(1) (West 2004). "Under this statute, a person seeking to file a Title VII lawsuit against a government, governmental agency, or political subdivision, must first be issued a right-to-sue letter by the Attorney General of the United States." *Solomon v. Hardison*, 746 F.2d 699, 701 (5th Cir. 1984). Although not a jurisdictional prerequisite to suit, *see id.*, Appellant does not offer, nor do we find, any basis for disturbing this portion of the judgment.

The remaining claims at issue on appeal were brought against the City of Houston for alleged violations of rights established pursuant to § 1981 and the Fourteenth Amendment to the United States Constitution. Section 1983 is the proper vehicle for both Appellant's § 1981 and his Fourteenth Amendment claims. *See Oden v. Oktibbeha County*, 246 F.3d 458, 463 (5th Cir. 2001) (holding that § 1981 claims against local government entities must be asserted through § 1983); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994) ("[T]he proper vehicle for [First and Fourteenth Amendment] allegations is § 1983.").

"[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). To hold a municipality liable under § 1983, therefore, a plaintiff must allege that an official policy or custom "was a cause in fact of the deprivation of rights inflicted." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525

(5th Cir. 1994).  An official policy "may be either a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's governing body (or by one or more officials to whom the governing body has delegated policy-making authority), or a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy." *McConney v. Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

Appellant's claims fail because he has not alleged facts sufficient  to show an official policy.  Appellant pleads no facts to show a persistent, widespread practice.  Appellant's conclusory allegation that the City is liable because the alleged retaliation and discrimination against Appellant were "part of a pattern or custom of the City of Houston" is insufficient.  *See generally Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).  Because Appellant failed to sufficiently allege a policy or custom, the district court properly dismissed Appellant's claims against the City.  We, therefore, affirm the judgment of the district court.

AFFIRMED.